IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  47391-7-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| ANDREW  CHRISTOPHER  WATKINS a/k/a UNDRA C. WATKINS, | |
| Appellant. | |

BJORGEN, A.C.J. — Andrew Christopher Watkins appeals from an order denying his motion to correct a clerical mistake in his 1990 order of discharge.  Watkins argues that the superior court erred in denying his motion because the effective date of the discharge order should have been October 13, 1989, the date upon which Watkins contends he had satisfied all of his sentencing conditions.  Because Watkins fails to show a clerical mistake in his 1990 discharge order, we affirm.

FACTS

On February 10, 1988, Watkins pled guilty to third degree rape and was sentenced to nine months of incarceration.  The sentencing court also imposed on Watkins $505 in legal financial obligations (LFOs).  On June 23, 1988, the Pierce County Sheriff's Department filed a memorandum notifying the superior court that Watkins's release date would be on June 27, 1988.  On November 29, 1989, the Department of Corrections (DOC) filed a report with the superior court, stating in relevant part that Watkins had failed to make any payments towards his LFOs.  DOC's November 29 report requested that the superior court issue a bench warrant and

impose bail in the amount of Watkins's outstanding LFOs. The report stated that, if Watkins were to pay the $505, "the Court [could then] authorize the preparation of an Order of Discharge." Clerk's Papers (CP) at 458. On December 17, 1990, the superior court entered a certificate and order of discharge, which restored Watkins's civil rights and discharged him from supervision by the DOC.

On May 15, 2014, Watkins filed a "petition for certificate of discharge with an effective date of October 13, 1989." CP at 580. Watkins attached to this petition a payment record, which showed that he had made the final payment satisfying his LFOs on October 13, 1989, prior to DOC's November 29 report stating that his LFO payments were delinquent. On June 3, 2014, the superior court granted Watkins's petition and issued a certificate of discharge, but it declined to set the effective date of the order to October 13, 1989. Watkins filed a motion seeking clarification of the June 3 order. At a hearing addressing Watkins's clarification motion, the State asserted that the effective date for a certificate of discharge is the date that the superior court receives notice that an offender has satisfied his or her sentencing terms. The superior court agreed with the State. Watkins acknowledged at the hearing that the record was unclear as to the date DOC notified the superior court that he had satisfied his sentencing conditions.

The superior court set the matter over so that it could review Watkins's archived case record to determine the date it was originally notified that Watkins had completed his sentencing conditions. Upon reviewing Watkins's case record, the superior court located the December 17, 1990 discharge order and thereafter entered an order vacating its June 3 discharge order. Watkins did not appeal from either the June 3 discharge order that had declined to set the

2

effective date of the order to October 13, 1989 or from the vacation of that order following his motion for clarification.

On August 4, 2014, Watkins filed a motion requesting a "nunc pro tunc order to correct a clerical mistake in the certificate and order of discharge issued by [the superior] [c]ourt on December 13, 1990." CP at 602. Again, Watkins asserted that the effective date of his discharge order should have been October 13, 1989. In a declaration attached to the August 4 motion, Watkins acknowledged that the "record is not clear as to the date that the Court received notice from the [DOC] regarding their intent to release jurisdiction of defendant." CP at 603. At a hearing addressing the August 4 motion, the superior court noted that Watkins failed to present any evidence that the court had been notified of the completion of his sentence conditions prior to December 13, 1990. On August 15, 2014, the superior court entered an order denying Watkins's request to correct the date of his order of discharge. CP at 611. Watkins appeals.

ANALYSIS[1]

Watkins asserts that the superior court erred when it denied his August 4 motion requesting a nunc pro tunc order to correct a clerical mistake in his December 13, 1990 discharge order. Because Watkins did not present any evidence showing a clerical mistake in his 1990 discharge order, the superior court did not abuse its discretion by denying his motion.

CrR 7.8(a) governs post-judgment motions to correct clerical mistakes in orders entered in criminal proceedings. CrR 7.8(a) provides in relevant part:

---

[1]As an initial matter, the State contends that Watkins has failed to present an appealable issue under RAP 2.2(a), asserting that Watkins has not shown how the failure to correct the effective date of his discharge order affects a substantial right. A commissioner of this court has already ruled that Watkins presented an appealable issue, which ruling the State did not move to modify.

> **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

We review a trial court's CrR 7.8 ruling under an abuse of discretion standard. *State v. Zavala-Reynoso*, 127 Wn. App. 119, 122, 110 P.3d 827 (2005). A trial court abuses its discretion when its decision is based upon untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). Under CrR 7.8(a), "[a] clerical mistake is one that, when amended, would correctly convey the intention of the court based on other evidence." *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). The superior court lacks authority under CrR 7.8(a) to correct an order that contains a mistake that is judicial, rather than clerical, in nature. *Davis*, 160 Wn. App. at 478.

Here, Watkins failed to present any evidence showing that the superior court, in entering his original discharge order, had intended to make the effective date of the order October 13, 1989 rather than December 17, 1990. Watkins does not contend otherwise. Instead, he argues that (1) DOC failed in its obligation to notify the superior court that he had completed his sentencing obligations on October 13, 1989 and, alternatively, (2) the superior court was required to determine whether he had completed his sentencing conditions on November 29, 1989, the date that DOC erroneously informed the superior court that Watkins was delinquent in paying his LFOs. But even assuming that either of these arguments is correct, it does not demonstrate any *clerical* error in Watkins's discharge order. Accordingly, we affirm the denial of his CrR 7.8(a) motion.

For the first time in his reply brief, Watkins also asserts that he is appealing not only the denial of his August 4 CrR 7.8(a) motion to correct a clerical mistake, but also the June 3

discharge order that had declined to set the effective date of the order to October 13, 1989, and the vacation of that order following his motion for clarification. Watkins acknowledges that he did not designate these orders in his notice of appeal, but argues that he may nonetheless appeal from those orders under RAP 2.4(b). We disagree.

RAP 2.4(b) provides in relevant part:

> **Order or Ruling Not Designated in Notice.** The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.

Watkins does not demonstrate that the superior court's June 3 discharge order or the subsequent vacation of that order prejudicially affected the superior court's decision to deny his CrR 7.8(a) motion. Accordingly, RAP 2.4(b) does not permit our review of those orders.

Further, even if RAP 2.4(b) permitted appellate review of those orders, Watkins has failed to assign error to the orders, raises his contentions with those orders for the first time in his reply brief, and does not present any argument stating how those orders were incorrect. *See* RAP 10.3(a)(4) ("The brief of the appellant . . . should contain . . . [a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error."); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."); *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004) ("Without argument or authority to support it, an assignment of error is waived."). Accordingly, we decline to address Watkins's contentions with these earlier orders for these reasons as well. We affirm the

No. 47391-7-II

denial of Watkins's August 4 motion to correct a clerical mistake in his discharge order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

We concur:

Maxa, J.

Sutton, J.