## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  59785-3-II |
| Respondent, | |
| v. | |
| SEAN PATRICK NOLAN, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Steven P. Nolan appeals his exceptional downward sentence for felony violation of a no contact order (VNCO)—domestic violence (DV), arguing that his offender score was miscalculated and that the trial court's findings of fact and conclusions of law regarding the exceptional sentence were inaccurate.  The State concedes that there was an error in the way Nolan's offender score was calculated and that remand is necessary to correct the written findings of fact and conclusions.  But the State argues that resentencing is unnecessary because Nolan's judgment and sentence reflects a correct offender score and, thus, a correct standard sentencing range.

We agree that resentencing is unnecessary, and we affirm Nolan's sentence.  However, we remand for the trial court to correct scrivener's errors in the findings of fact and conclusions of law regarding the exceptional sentence.

FACTS

On June 5, 2023, the State charged Nolan with felony VNCO—DV.  The matter proceeded to a jury trial.

Community Corrections Officer (CCO) Natalie Zedoff testified that in June 2023, Nolan was on community custody supervision and she was his CCO. A no contact order was in effect prohibiting Nolan from contacting Rhonda Rawlings. When CCO Zedoff reviewed the no contact order with Nolan, Nolan said that it would be hard to comply with the order because Rawlings was his wife.

CCO Zedoff testified that on June 2, 2023, Nolan had failed to report to her as required. CCO Zedoff eventually located Nolan in a car with Rawlings.

The jury found Nolan guilty for VNCO-DV as charged. For sentencing, the parties stipulated to Nolan's prior convictions and offender score. The parties stipulated that Nolan had an offender score of 8 based on the following crimes: five prior VNCO—DV convictions (1 point each), a felony VNCO—DV conviction (2 points), and a possession of a stolen vehicle conviction (1 point). Although Nolan committed the current offense while on community custody, the stipulation incorrectly stated that he was not on community custody and, thus, it failed to add a point for Nolan being on community custody at the time of the offense. Based on the offender score of 8, Nolan's standard range was 60 months.[1]

The State argued for an exceptional downward sentence because the contact between the parties was consensual and because a sentence below the standard range would allow for

---

[1] Based on the sentencing grid, the standard range sentence for a crime with a seriousness level of V and an offender score of 8 is 62 months to 82 months. RCW 9.94A.510. However, because felony VNCO—DV is a class C felony and carries a statutory maximum sentence of 60 months, the "range" for this crime was a flat 60 months. RCW 9A.20.021(1)(c); RCW 7.105.450(5).

community custody.[2] Thus, the State asked for 45 months of confinement and 12 months of community custody. Nolan requested a prison-based drug offender sentencing alternative.

The trial court agreed with the State's recommendation and imposed an exceptional downward sentence of 45 months of confinement and 12 months of community custody. Consistent with the parties' stipulation, Nolan's judgment and sentence listed his offender score as 8, and it reflected a standard sentencing range of 60 months. The trial court also entered written findings of fact that mirrored the State's reasons for an exceptional sentence. However, the trial court's findings of fact included mistakes; in several places, it said that the exceptional sentence was the result of a plea bargain rather than the result of a jury trial.

Nolan appeals.

ANALYSIS

Nolan argues that his offender score was incorrectly calculated and that the trial court's findings of fact and conclusions of law regarding the exceptional sentence are inaccurate. Nolan requests a full resentencing.

The State argues that remand for resentencing is unnecessary because, despite some errors, Nolan's judgment and sentence reflects the correct offender score and the correct standard

---

[2] Because Nolan's standard sentencing range already exceeded the statutory maximum, a standard range sentence would leave no time available for the imposition of community custody. RCW 9.94A.701(10) ("The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.").

sentencing range. However, the State concedes that remand to correct the trial court's findings of fact and conclusions of law is appropriate.

We agree with the State. We affirm Nolan's sentence and remand for correction of the trial court's findings of fact and conclusions of law.

## I. OFFENDER SCORE CALCULATION

Nolan argues, and the State agrees, that his January 2011 VNCO—DV conviction should not have been included in his offender score. RCW 9.94A.525 governs calculation of an offender score. The statute provides that if the current offense is for a felony domestic violence offense, then a prior repetitive domestic violence offense pleaded and proven after August 1, 2011, counts as one point. RCW 9.94A.525(21)(c). Nolan's January 2011 VNCO—DV (which qualified as a "repetitive domestic violence offense"[3]) was too old—it was not pleaded and proven after August 1, 2011, as required by RCW 9.94A.525(21)(c). Therefore, Nolan's January 2011 VNCO—DV should not have added a point to his offender score.

The State argues, however, that this error does not change Nolan's overall offender score. Although Nolan's January 2011 VNCO—DV was incorrectly included in his offender score, the State argues that the parties' stipulation also failed to add a point to Nolan's offender score for being on community custody at the time of the offense. Under RCW 9.94A.525(19), one point is added to the offender score if the offender was on community custody when they committed the current offense. CCO Zedoff testified that Nolan was under community supervision at the time of his current felony VNCO—DV, but the parties failed to include a point for being on community

---

[3] A conviction for VNCO—DV that is not a felony is a repetitive domestic violence offense. RCW 9.94A.030(42)(a)(ii).

custody. According to the State, the two mistakes offset each other; meaning that Nolan's offender score still should have been 8 with a standard sentencing range of 60 months. Thus, because Nolan's offender score was actually correct, the State argues that resentencing is unnecessary.

Generally, we will not grant relief for a miscalculated offender score unless the miscalculated offender score resulted in an incorrect standard sentencing range. *See, e.g.*, *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 768, 297 P.3d 51 (2013) (holding that judgment and sentence was not facially invalid and petitioner was not entitled to relief when the trial court sentenced petitioner with correct sentencing range despite errors in determining offense seriousness level and offender score). Although there were errors in the calculation of Nolan's offender score, the trial court ultimately reached the correct result—an offender score of 8 with a standard sentencing range of 60 months. Accordingly, resentencing is unnecessary, and we affirm Nolan's sentence.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Nolan also argues that the trial court's findings of fact and conclusions of law are inaccurate because they reference a plea agreement when the sentence was the result of a jury trial. The State agrees that remand to correct these references is appropriate.

A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). The remedy for a scrivener's error is to remand for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

Here, the references to a plea bargain in the trial court's findings of fact and conclusions of law are clearly scrivener's errors because Nolan was found guilty at a jury trial, not by a guilty

plea. Thus, we accept the State's concession and remand for the trial court to correct its findings of fact and conclusions of law.

## CONCLUSION

We affirm Nolan's sentence but remand to the trial court to correct its findings of fact and conclusions of law.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

MAXA, J.