# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46929-4-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| DAVID PALAUKEKALA MAKEKAU, | |
| Appellant. | |

MAXA, J. – David Makekau appeals his conviction and sentence for possession of a stolen motor vehicle. RCW 9A.56.068(1) states that a person is guilty of possessing a stolen vehicle if the person "possess[es] . . . a stolen motor vehicle." RCW 9A.56.140(1) defines possessing stolen property, in part, as "knowingly to receive, retain, possess, conceal, or dispose of stolen property." The trial court's to-convict jury instruction incorporated the definition of possession and required the State to prove that Makekau "knowingly received, possessed, concealed, or disposed of a stolen motor vehicle." Clerk's Papers (CP) at 86. Makekau argues that under the law of the case doctrine the State assumed the burden of proving each of the alternative definitions of possession included without objection in the to-convict instruction.

We hold that (1) the terms "receive, retain, possess, conceal, or dispose of" are definitional and do not create alternative means of the crime of possession of a stolen vehicle, which involves a single means – possessing a stolen vehicle; and (2) including the disjunctive terms "received, possessed, concealed, or disposed of" in the to-convict instruction did not

transform them into alternative means of the crime because the disjunctive terms together define the single means of possession. Therefore, the State was required to prove only that Makekau's conduct satisfied one of the disjunctive terms, and it is undisputed that the State presented sufficient evidence that Makekau "possessed" the stolen motorcycle.

Makekau also argues, and the State concedes, that there is a scrivener's error in the judgment that the trial court should correct. Accordingly, we affirm Makekau's conviction, but remand to correct the scrivener's error in the judgment and sentence.

FACTS

In August 2014, the owner of a yellow Suzuki motorcycle reported it as stolen. A few days later, the owner saw someone riding his stolen motorcycle and called the police. Two officers located and pursued the motorcycle, but the rider accelerated away before they could apprehend him. Both officers believed that the person riding the motorcycle was Makekau. One officer later talked with a person who said he had seen Makekau with a yellow Suzuki motorcycle.

The State charged Makekau with possession of a stolen motor vehicle and attempting to elude a pursuing police vehicle. At trial, the trial court's to-convict jury instruction required the jury to find beyond a reasonable doubt that Makekau "knowingly received, possessed, concealed, or disposed of a stolen motor vehicle." CP at 86. The State proposed the jury instruction and Makekau did not object.

On October 14, 2014, the jury found Makekau guilty of possession of a stolen motor vehicle and not guilty of attempting to elude a pursuing police vehicle. The trial court's judgment and sentence erroneously stated that the jury returned its verdict on October *13*, 2014.

2

Makekau appeals his conviction and requests correction of the scrivener's error in the judgment and sentence.

ANALYSIS

A.    POSSESSION OF A STOLEN MOTOR VEHICLE AND ALTERNATIVE MEANS

The threshold issue in this case is whether possession of a stolen motor vehicle is a single means crime or an alternative means crime.  We hold that possession of a motor vehicle is a single means crime.

    1.    Alternate Means Doctrine

An "alternative means" crime is one where the criminal conduct can be proved in multiple ways.  *State v. Owens*, 180 Wn.2d 90, 96, 323 P.3d 1030 (2014).  Such crimes generally are identified by stating a single crime, followed by a statement of more than one means by which the crime can be committed.  *State v. Smith*, 159 Wn.2d 778, 784, 154 P.3d 873 (2007).

The alternative means determination relates to jury unanimity required under article I, section 21 of the Washington Constitution.  *Owens*, 180 Wn.2d at 95.  For an alternative means crime, a defendant is entitled to a unanimous jury determination as to the particular means by which he or she committed the crime.  *Id.*  If there is no express statement of jury unanimity, the State must present sufficient evidence to support each of the alternative means.  *Id.*  But if the statute identifies a single means of committing a crime, unanimity is not required even if there are different ways of establishing that means.  *See Smith*, 159 Wn.2d at 783.

Whether a statute provides an alternative means for committing a crime is left to judicial determination.  *State v. Sandholm*, 184 Wn.2d 726, 732, 364 P.3d 87 (2015).  There are three guiding principles.  First, the use of a disjunctive "or" in a list of methods of committing the

crime does not necessarily mean that those methods are alternative means. *Owens*, 180 Wn.2d at 96. For example, in *Owens* the Supreme Court held that seven terms stated in the disjunctive together constituted a single means rather than seven alternative means for trafficking in stolen property. *Id.* at 98.

Second, a statutory definition of an element of a crime generally does not create alternative means for that crime. *Id.* at 96. The Supreme Court repeatedly has "rejected the notion that multiple definitions of statutory terms necessarily create either new elements or alternate means of committing a crime." *State v. France*, 180 Wn.2d 809, 818, 329 P.3d 864 (2014); *see also Smith*, 159 Wn.2d at 790 (concluding that the common law definitions of assault, when submitted as a separate jury instruction, do not constitute alternative means of committing second degree assault). A jury need not be unanimous as to the definitions of a single means of committing a crime. *See State v. Linehan*, 147 Wn.2d 638, 649-50, 56 P.3d 542 (2002).

Third, the alternative means analysis focuses on whether the statute describes the crime in terms of distinct acts or closely related acts that are aspects of one type of conduct. *Sandholm*, 184 Wn.2d at 734.

> The more varied the criminal conduct, the more likely the statute describes alternative means. But when the statute describes minor nuances inhering in the same act, the more likely the various "alternatives" are merely facets of the same criminal conduct.

*Id.* In other words, "less weight is placed on the use of the disjunctive 'or' and more weight on the distinctiveness of the criminal conduct." *Id.* at 735.

In *Owens*, the Supreme Court addressed RCW 9A.82.050(1), which prohibits trafficking in stolen property. 180 Wn.2d at 92. The statute provided that a person is guilty of trafficking if

4

he or she " 'knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others.' " *Id.* at 96 (quoting RCW 9A.82.050(1)). The court held that this group of terms *together* identified a single category of criminal conduct – facilitating or participating in the theft of stolen property. *Id.* at 98-99. One basis for the court's conclusion was that the act of trafficking necessarily would involve several of the listed terms.

> The State points out that the words listed in the first clause of RCW 9A.82.050 do not address distinct acts because of how closely related those terms are. For example, it would be hard to imagine a single act of stealing whereby a person "organizes" the theft but does not "plan" it. Likewise, it would be difficult to imagine a situation whereby a person "directs" the theft but does not "manage" it. Any one act of stealing often involves more than one of these terms. Thus, these terms are merely different ways of committing one act, specifically stealing.

*Id.* at 99.

2. Possession of a Stolen Vehicle Statutes

RCW 9A.56.068(1) states that a person is guilty of possessing a stolen vehicle if the person "possess[es] . . . a stolen motor vehicle." And RCW 9A.56.140(1) defines what it means to "possess" stolen property:

> "Possessing stolen property" means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.

The question here is whether these statutes provide for a single means of committing the crime – possessing a stolen vehicle; or five alternative means of committing the crime – receiving, retaining, possessing, concealing, or disposing of a stolen vehicle.

We hold that possession of a stolen vehicle is a single means crime for three reasons. First, RCW 9A.56.068(1) defines only a single element of the crime – possessing a stolen motor

vehicle. This statute clearly does not suggest that there may be alternate means of committing the crime.

Second, this court has noted that RCW 9A.56.068(1) must be read in conjunction with RCW 9A.56.140(1). *State v. Satterthwaite*, 186 Wn. App. 359, 364, 344 P.3d 738 (2015). But the only purpose of RCW 9A.56.140(1) is definitional – to provide a better understanding of the single element stated in 9A.56.068(1). Definitional statutes do not create alternative means of a crime. *Owens*, 180 Wn.2d at 96.

Third, the five terms in RCW 9A.56.140(1) are so closely related that they do not describe distinct acts apart from actually possessing the stolen vehicle, but are "merely facets of the same criminal conduct." *Sandholm*, 184 Wn.2d at 734. For example, it would be hard to imagine a situation where a person receives, retains, conceals, or disposes of a stolen vehicle without also possessing it at some time. *See Owens*, 180 Wn.2d at 99.

Division One of this court addressed this issue in *State v. Hayes*, 164 Wn. App. 459, 480, 262 P.3d 538 (2011). The court held that the reference in RCW 9A.56.140(1) to "receive, retain, possess, conceal, or dispose of stolen property" is definitional and does not create alternative means of a crime. *Id.* at 477. We agree with *Hayes* on this issue.

We hold that the definition of possession under RCW 9A.56.140(1) does not create alternative means of proving possession of a stolen motor vehicle, and therefore that possessing a stolen motor vehicle is a single means crime.

B.      INCLUDING DEFINITIONAL TERMS IN TO-CONVICT INSTRUCTION

Instead of requiring the State to prove that Makekau possessed a stolen motor vehicle, the trial court's to-convict jury instruction required the State to prove that Makekau "knowingly

6

received, possessed, concealed, or disposed of" a stolen motor vehicle.[1] CP at 86. Makekau argues that even if possession of a stolen motor vehicle is not an alternative means crime, under the law of the case doctrine the definitional terms in RCW 9A.56.140(1) become alternative means when listed without objection in the to-convict instruction. We disagree.

1. Law of the Case Doctrine

Constitutional due process requires the State to prove every element of the crime beyond a reasonable doubt. *France*, 180 Wn.2d at 814. However, the law of the case doctrine provides that jury instructions not objected to become the law of the case. *Id.* Therefore, if the trial court gives a to-convict jury instruction that erroneously includes an additional element of a crime that is not required under the law and the State does not object, the State must prove that additional element. *Id.* at 815; *see also State v. Hickman*, 135 Wn.2d 97, 102, 954 P.2d 900 (1998). And on appeal, the defendant can make a sufficiency of the evidence challenge based on the added element. *Hickman*, 135 Wn.2d at 102.[2]

For example, in *Hickman* the to-convict instruction required the State to prove the two elements of insurance fraud *and* a third, unnecessary element – the venue of the crime. *Id.* at 101. The Supreme Court held that under the law of the case doctrine, venue became a third element that the State had to prove. *Id.* at 102.

---

[1] The to-convict instruction here omitted the fifth term in RCW 9A.56.140(1), "retain[ed]."

[2] In *Musacchio v. United States*, the United States Supreme Court adopted a contrary rule, holding that "when a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the elements of the charges crime, not against the erroneously heightened command in the jury instruction." ___ U.S ___, 136 S. Ct. 709, 715, 193 L. Ed. 2d 639 (2016). Because our Supreme Court has not addressed whether to adopt the holding in *Musacchio* and the State does not ask us to apply that case, we apply existing Washington law.

As discussed above, the only element of possession of a stolen motor vehicle is possessing a stolen motor vehicle. The question here is whether including the definitional terms "received, possessed, concealed, or disposed of" in the to-convict instruction added three unnecessary elements along with possession that the State was required to prove, or whether the four terms together should be treated as defining the single statutory element.

2. *Lillard* and *Hayes*

Division One of this court addressed this issue in two cases: *State v. Lillard*, 122 Wn. App. 422, 93 P.3d 969 (2004) and *Hayes*, 164 Wn. App. 459. Both cases held that including the definitional terms "received, retained, possessed, concealed, or disposed of" in the to-convict instruction for crimes involving possession of stolen property required the State to prove all five alternatives. *Hayes*, 164 Wn. App. at 481; *Lillard*, 122 Wn. App. at 434-35.

In *Lillard*, the to-convict instructions for first degree possession of stolen property required the State to prove that the defendant " 'knowingly received, retained, possessed, concealed, or disposed of stolen property.' " 122 Wn. App. at 434 (quoting jury instruction). The court cited to *Hickman* and stated without discussion that "[b]ecause the instruction specifically listed the alternative definitions of 'possession' as alternative means of the offense to be proved by the State, there must be sufficient evidence to support each alternative." 122 Wn. App. at 434-35. However, the court did not address whether the five definitional terms together could be treated as defining a single means rather than as alternative means.

In *Hayes*, the to-convict instructions for first degree possession of a stolen motor vehicle required the State to prove that the defendant or an accomplice " 'knowingly received, retained, possessed, concealed, or disposed of, a stolen motor vehicle.' " 164 Wn. App. at 480 (quoting

8

jury instruction). Initially, the court noted that *Lillard* held that where the trial court includes "knowingly received, retained, possessed, concealed, or disposed of" stolen property in the to-convict instruction, "these terms will be treated as alternative means the State must prove." *Hayes*, 164 Wn. App. at 478-79. However, the court then stated:

> *Lillard* summarily applied *Hickman* to hold, in response to an issue raised in a pro se supplemental brief, that the definitional terms in RCW 9A.56.140(1) were transformed into alternative means when inadvertently included in a to-convict instruction. This is not a holding we are inclined to expand.

*Hayes*, 164 Wn. App. at 479 n.5.

The defendant in *Hayes* argued that as in *Lillard*, all five definitional terms became alternative means for which the State assumed the burden of proving by substantial evidence. *Id.* at 481. Significantly, the State did not challenge this argument, and therefore the court accepted it. *Id.* The court treated the definitional terms of possession "as alternative means, not because they necessarily are alternative means, but because they were listed in the to-convict instructions for the two counts of possession of a stolen vehicle and under *Lillard* the State was obligated to support them with substantial evidence." *Id.*

As in *Lillard*, the court in *Hayes* did not address whether the five definitional terms together could be treated as defining a single means rather than as alternative means. Despite its footnote suggesting that the application of *Lillard* should be limited, the court provided no analysis of this issue – presumably because the State did not challenge the defendant's position.

3. *Lindsey* and *Owens*

Two more recent cases involving a different crime call into question the assumption in *Lillard* and *Hayes* that inclusion of definitional terms in a to-convict instruction necessarily

converts a single means crime into an alternative means crime: *State v. Lindsey*, 177 Wn. App. 233, 311 P.3d 61 (2013), *review denied*, 180 Wn.2d 1022 (2014) and *Owens*, 180 Wn.2d at 96.

In *Lindsey*, this court addressed the alternative means issue for trafficking in stolen property under RCW 9A.82.050(1). 177 Wn. App. at 238-44. RCW 9A.82.050(1) states that a person who "knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others, or who knowingly traffics in stolen property" is guilty of first degree trafficking in stolen property. The defendant in *Lindsey* argued that this language identified eight alternative means for committing the crime. 177 Wn. App. at 240. This court held that the first seven terms together constituted one means and trafficking constituted a second means. *Id.* at 241-42. We emphasized that the seven terms defined a single category of criminal conduct – facilitating or participating in the theft of property for sale – and that definitional statutes do not create multiple alternative means. *Id.*

Significant here is the fact that the to-convict instruction in *Lindsey* listed all seven of the terms from RCW 9A.82.050(1). We did not suggest that including these terms in the to-convict instruction created seven alternative means.[3] Instead, because the seven terms together constituted a single alternative means, we required only that the State prove one of the seven disjunctive terms in order to sustain the conviction. *Id.* at 248.

In *Owens*, the Supreme Court also addressed trafficking in stolen property under RCW 9A.82.050(1). 180 Wn.2d at 96. The court adopted the reasoning in *Lindsey* and also concluded that the first seven terms in the statute together constituted a single alternative means of

---

[3] It does not appear that the defendant in *Lindsey* argued that including the seven terms in the to-convict instruction created seven alternative means and that under the law of the case doctrine the State was required to prove all seven means.

committing the crime. *Id.* at 97-98. As in *Lindsey*, all seven terms were included in the to-convict instruction. *Id.* at 101 n.6. However, the court did not require the State to prove all seven terms in order to defeat a sufficiency of the evidence challenge.[4] *Id.* at 100-01.

    4.    Analysis

We hold that the to-convict instruction here did not state alternative means of committing the crime of possession of a stolen vehicle for five interrelated reasons. First, *Lillard* and *Hayes* are not persuasive because the statements in those cases about the to-convict instructions creating additional alternative means were not based on any meaningful analysis or discussion of the issue. The courts in both cases basically assumed that including the definitional terms in the to-convict instruction created alternative means. Therefore, we do not follow the holdings in those cases.

Second, as discussed above, the terms "received, possessed, concealed, or disposed of" are definitional and do not create alternative means of the crime of possession of a stolen vehicle. If these terms merely define different aspects of "possession" and do not represent alternative means, it is unclear why including them in the to-convict instruction would transform them into alternative means.

Third, the Supreme Court in *Smith* held that including definitions of an element of a crime in a jury instruction separate from the to-convict instruction does not create alternative means of committing the crime. 159 Wn.2d at 785; *see also France*, 180 Wn.2d at 818-19. If

---

[4] Again, it does not appear that the defendant in *Owens* argued that including the seven terms in the to-convict instruction created seven alternative means and that under the law of the case doctrine the State was required to prove all seven means.

definitions in a separate instruction do not create alternative means, there is no reason that including the definitions in the to-convict instruction should change the result.

Fourth, *Owens* and *Lindsey* make it clear that several terms listed disjunctively *together* can define a single means, and that if several terms represent one means the State is required to prove only one of the terms in order to sustain a conviction. *Owens*, 180 Wn.2d at 98-99, 100-101; *Lindsey*, 177 Wn. App. at 241-42, 248. Under this approach, the terms "received, possessed, concealed, or disposed of" can be treated as aspects of a single means – possession. Therefore, including those terms in the to-convict instruction identifies only one means, not four.

Fifth, although *Owens* and *Lindsey* did not address the specific issue here, the courts in those cases gave no indication that including a list of disjunctive terms that did not constitute alternative means in the to-convict instruction transformed those terms into alternative means.

We hold that because the terms "received, possessed, concealed, or disposed of" are definitional and do not create alternative means of the crime of possession of a stolen vehicle, including the terms in the to-convict instruction did not transform them into alternative means of the crime. Instead, they are closely related aspects of a single means, possession of a stolen vehicle. As a result, the State was required to prove only that Makekau's conduct satisfied one of the disjunctive terms – received or possessed or concealed or disposed of the stolen vehicle.

C. SUFFICIENCY OF EVIDENCE

Because the to-convict instruction for possession of a stolen motor vehicle states only a single means and requires the State to prove only one of the four definitional terms, there is no dispute that the State presented sufficient evidence to support the conviction. The two officers and a third person all testified that Makekau "possessed" the motorcycle, one of the four terms in

12

the to-convict instruction. Makekau does not attempt to argue otherwise. Therefore, we affirm Makekau's conviction.

D.      SCRIVENER'S ERROR

Makekau argues, and the State concedes, that his judgment and sentence misstates the date of the jury's verdict. Makekau's judgement and sentence states that the jury returned its verdict on October 13, 2014 but the jury actually returned its verdict on October 14, 2014.

The State concedes that this case should be remanded to correct the scrivener's error. Therefore, we remand this case to the trial court to correct the scrivener's error in the judgment and sentence.

CONCLUSION

We affirm Makekau's conviction, but we remand to the trial court to correct the scrivener's error.

_____
MAXA, A.C.J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.