## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48471-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| XAVIER ARROYO CERVANTES, | |
| Appellant. | |

MAXA, A.C.J. – Xavier Cervantes appeals his conviction for possession of a stolen motor vehicle and the trial court's imposition of a discretionary legal financial obligation (LFO). We hold that (1) the State presented sufficient evidence that Cervantes possessed the vehicle and knew it was stolen, (2) his defense counsel was not ineffective for failing to move to suppress his warrantless arrest because he cannot show prejudice, and (3) the trial court did not err by imposing a discretionary LFO because it inquired into Cervantes's ability to pay.

Accordingly, we affirm Cervantes's conviction and the imposition of the discretionary LFO.

### FACTS

Cervantes lived with his parents, his sister Veronica Smith, and Smith's two daughters in Lewis County. Smith was the registered owner of a 1997 red Honda, but the car mainly was driven by Smith's daughter AS and Smith's mother.

No. 48471-4-II

On October 10, 2015, when AS woke up she discovered that Smith's car was missing from the driveway. AS suspected that Cervantes had taken the car. She called law enforcement and told Lewis County sheriff's deputy Curtis Spahn that she wanted to report the car stolen and that she believed that Cervantes had taken it. Spahn entered the vehicle information that AS gave him into a state and national database for stolen vehicles.

On October 11, Chehalis police officer Troy Thornburg was driving through a local park when he spotted a red Honda. Thornburg ran the license plate on his computer and discovered the car was listed as stolen. He then saw Cervantes exit the car. Thornburg arrested Cervantes and read him his *Miranda*[1] rights. Spahn arrived and asked Cervantes some questions. Cervantes said that the car belonged to his sister. He also admitted that he did not have permission to use the car and he did not have a key to the car. Spahn looked through the car's windows and saw that the ignition had been removed and dismantled. He also saw screwdrivers and pliers in the car.

The State charged Cervantes with possession of a stolen motor vehicle. At trial, Spahn, Thornburg, Smith, AS, and Cervantes testified. Smith testified that Cervantes did not have permission to take the car. She stated that he had taken the car without permission in the past and that she told him he had to ask before taking it. But she did not report that the car had been stolen. And she confirmed that AS had no ownership interest in the car. Smith stated that she knew the car would be returned because Cervantes always returned the car when he used it.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

Cervantes testified that he took the car because his girlfriend's car broke down and she needed his help. He said he knew he needed to ask for permission to use the car. But he did not ask Smith for permission because she was at work, and he did not ask AS for permission because she was sleeping. Cervantes admitted that he used a screwdriver to start the car. He claimed that when he was arrested he was on his way back to Smith's house to return the car, but that he had stopped at the park to relax. Smith's house was only ten minutes away.

The to-convict instruction stated:

To convict the defendant of the crime of possessing a stolen motor vehicle, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about or between October 10, 2015 and October 11, 2015, the defendant knowingly *received, retained, possessed, or concealed* a stolen motor vehicle;
(2) That the defendant acted with knowledge that the motor vehicle had been stolen;
(3) That the defendant withheld or appropriated the motor vehicle to the use of someone other than the true owner or person entitled thereto;
(4) That any of these acts occurred in the State of Washington, County of Lewis.

Clerk's Papers (CP) at 16 (emphasis added).

The jury found Cervantes guilty. The trial court inquired into his ability to pay LFOs and imposed a discretionary LFO of $1,200 for court-appointed attorney fees as well as mandatory LFOs.

Cervantes appeals his conviction and the trial court's imposition of the discretionary LFO.

ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

Cervantes argues that the State did not provide sufficient evidence of each element of the crime because (1) the State was required to prove that Cervantes received, retained, possessed, and concealed the car; and (2) Smith, the registered owner, testified that she did not consider the car stolen and did not report the car stolen. We disagree.

1.    Legal Principles

When evaluating the sufficiency of evidence for a conviction, the test is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). We assume the truth of the State's evidence and all reasonable inferences drawn from that evidence when evaluating whether sufficient evidence exists. *Id.* at 106. We treat circumstantial evidence as equally reliable as direct evidence. *State v. Farnsworth*, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016). And we defer to the trier of fact's resolution of conflicting testimony and evaluation of the persuasiveness of the evidence. *Homan*, 181 Wn.2d at 106.

RCW 9A.56.068(1) states that a person is guilty of possessing a stolen vehicle if the person "possess[es] . . . a stolen motor vehicle." RCW 9A.56.140(1) defines what it means to "possess" stolen property:

> "Possessing stolen property" means knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto.

The trial court gave an unchallenged jury instruction stating these principles.

A stolen motor vehicle includes one "obtained by theft." RCW 9A.56.010(17). Theft means to wrongfully obtain or exert unauthorized control over the property of another with the intent to deprive him or her of that property. RCW 9A.56.020(1)(a). The trial court gave unchallenged jury instructions stating these principles.

2. Possession

The trial court's to-convict instruction stated "the defendant knowingly received, retained, possessed, or concealed a stolen motor vehicle." CP at 16. Cervantes argues that the State was required to provide sufficient evidence to support each listed term and that the State failed to present any evidence that he received or disposed of a stolen motor vehicle. We disagree that the State was required to prove each of the definitional terms in the to-convict instruction.

Cervantes relies on *State v. Hayes*, 164 Wn. App. 459, 479-81, 262 P.3d 538 (2011), for the proposition that when the State lists "receive, retain, possess, conceal, or dispose" in the to-convict instruction it must prove each alternative beyond a reasonable doubt. In *Hayes*, the to-convict instructions for possession of a stolen motor vehicle listed each word from the definition of possessing stolen property (received, retained, possessed, concealed, or disposed of). 164 Wn. App. at 480. The defendant argued that each word represented an alternative means that the State was required to support with sufficient evidence and the State did not argue otherwise. *Id.* at 481.

The court determined that because the five alternatives were listed in the to-convict instruction, the State was required to support each one with substantial evidence. *Id.* The court held that there was insufficient evidence that the defendant disposed of one stolen motor vehicle

and insufficient evidence that he concealed the other stolen motor vehicle and reversed the convictions. *Id.*

However, this court in *State v. Makekau* held that including the terms "receive, retain, possess, conceal, or dispose" in a to-convict instruction does not require the State to provide evidence in support of each term. 194 Wn. App. 407, 413-14, 378 P.3d 577 (2016). This court concluded that " 'receive, retain, possess, conceal, or dispose of stolen property' " is definitional language and its use in a to-convict instruction does not convert the single-means crime of possessing a stolen motor vehicle into an alternative-means crime. *Id.* at 414.

In *State v. Tyler*, Division One of this court subsequently stated that *Hayes* "no longer properly states the law" because the various words listed in the to-convict instruction are "false alternative means" that are not part of the essential elements that the State must prove with sufficient evidence. 195 Wn. App. 385, 399-400, 382 P.3d 699 (2016). Therefore, under *Makekau* and *Tyler*, the State was not required to support each term listed in the to-convict instruction with sufficient evidence in order to show that Cervantes possessed the stolen motor vehicle.

Here, Thornburg testified that he observed Cervantes in the car and watched him exit the car. No one else was in the car. And Cervantes testified that he dismantled the ignition and used a screwdriver to start the car so that he could drive it. He also testified that he drove the car to his girlfriend's house and then stopped at the park while driving the car back home. Accordingly, we hold that the State provided sufficient evidence that Cervantes possessed the motor vehicle.

3.   Stolen Motor Vehicle

The trial court's to-convict instruction required the State to prove that Cervantes "acted with knowledge that the motor vehicle had been stolen" and that he "withheld or appropriated the motor vehicle to the use of someone other than the true owner or person entitled thereto." CP at 16. Cervantes argues that the State failed to present sufficient evidence that he knew the car was stolen when he possessed it or that he withheld or appropriated it. We disagree.

Cervantes testified that knew he needed permission to use the car, but did not seek permission to take it and use it. He testified that he did not have the keys to the car and used a screwdriver to start it. That evidence was sufficient to show that Cervantes exercised unauthorized control over the car. And he testified that Smith was the registered owner and that Smith's mother and AS were the primary drivers of the car. That evidence was sufficient to show that Cervantes appropriated the car for his own use and that he was not the owner or a person entitled to its use.

Cervantes argues that he simply borrowed the car without permission and Smith did not consider the car stolen. He argues that the fact that AS called the police to report the car as stolen is not significant because AS was not the registered owner. However, borrowing the car without permission is the same thing as unauthorized use. And Smith's statement that she did not consider the car stolen was stricken from the record after the prosecutor's objection was sustained. Finally, Cervantes does not provide any authority for his implication that only the registered owner may report a vehicle as stolen. AS was one of the primary drivers of the car.

Accordingly, we hold that the State presented sufficient evidence that Cervantes possessed a stolen motor vehicle.

B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Cervantes argues that his defense counsel's failure to move to suppress his warrantless arrest constituted ineffective assistance of counsel.  We disagree.

1.    Legal Principles

We review claims of ineffective assistance of counsel de novo.  *State v. Hamilton*, 179 Wn. App. 870, 879, 320 P.3d 142 (2014).  To prevail on an ineffective assistance of counsel claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced the defendant.  *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011).  Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness.  *Id.* at 33.  Prejudice exists if there is a reasonable probability that, except for counsel's errors, the result of the proceeding would have been different.  *Id.* at 34.

When arguing ineffective assistance for failure to seek suppression, to establish prejudice the defendant must show from the record that a motion to suppress likely would have been granted.  *State v. Walters*, 162 Wn. App. 74, 81, 255 P.3d 835 (2011).

2.    Analysis

Cervantes argues that defense counsel should have moved to suppress his arrest because officers did not have a sufficient basis to seize him without a warrant.  He claims that a police dispatch that the car had been stolen based on a teenager's stolen car report was not reliable enough to support an arrest.

But even if defense counsel was deficient in failing to file a suppression motion, Cervantes cannot show prejudice.  Cervantes does not show how suppressing the arrest would

have changed the result of the proceeding. He does not explain what evidence he believes a suppression motion would have excluded. Unlike the cases he cites in his brief, the arrest here did not lead to the discovery of incriminating evidence for which additional charges were brought. The mere fact of Cervantes's arrest was not material to the charge against him. Therefore, Cervantes cannot show that any material evidence would have been suppressed if the arrest had been successfully challenged.

Accordingly, we hold that Cervantes's ineffective assistance of counsel claim fails.

C.      DISCRETIONARY LFO

Cervantes argues that the trial court erred by imposing a discretionary LFO for court-appointed attorney fees.[2] We disagree.

We review a decision to impose LFOs for abuse of discretion. *State v. Clark*, 191 Wn. App. 369, 372, 362 P.3d 309 (2015). A decision is an abuse of discretion when it is exercised on untenable grounds or for untenable reasons. *Id.*

Before imposing discretionary LFOs, the trial court must make an individualized inquiry into the defendant's present and future ability to pay. RCW 10.01.160(3); *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). Including boilerplate language in the judgment and sentence stating that the defendant has an ability to pay does not satisfy this requirement. *Blazina*, 182 Wn.2d at 838. The court's inquiry should consider important factors such as incarceration and the defendant's other debts, including restitution. *Id.*

---

[2] One of the fees Cervantes contests is a $200 criminal filing fee, which he argues was discretionary. But this fee is in fact mandatory and therefore must be imposed regardless of his ability to pay. RCW 36.18.020(2)(h); *see State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013).

Here, the trial court asked whether Cervantes was employed. Defense counsel stated that he was working as an asphalt paver, but lost that job as a result of his arrest. The court concluded that Cervantes was able-bodied and could work, and defense counsel agreed. The court did not inquire into Cervantes's debts, but did note that a request for restitution was unlikely based on Smith's reluctance to testify and failure to return the prosecutor's calls regarding restitution. Ultimately, the court found that Cervantes had an ability to make LFO payments "provided they are set low." Report of Proceedings at 163. The court did not impose the $1,000 jail fee requested by the State, but did impose a $1,200 court-appointed attorney fee. And the court indicated that it could waive interest if Cervantes paid the principal amount.

We hold that the trial court properly exercised its discretion because it considered relevant factors such as Cervantes's ability to work and restitution before imposing the discretionary LFO.

D.    APPELLATE COSTS

Cervantes asks that this court refrain from awarding appellate costs if the State seeks them. We decline to consider this matter at this time. A commissioner of this court will consider whether to award appellate costs in due course under the newly revised provisions of RAP 14.2 if the State decides to file a cost bill and if Cervantes objects to that cost bill.

CONCLUSION

We affirm Cervantes's conviction and the trial court's imposition of the discretionary LFO.

10

No. 48471-4-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

LEE, J.

MELNICK, J.