IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49637-2-II |
| Respondent, | |
| v. | |
| NATHANIEL JONES, III, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Nathaniel Jones III appeals his judgment and sentence for his possession of a stolen motor vehicle conviction. On appeal, Jones contends—and the State concedes—that the judgment and sentence incorrectly specifies the jury verdict's date as September 22, 2016 and fails to note that Jones was on community custody at the time of the current offense. We accept the State's concession and remand to the trial court to correct the scrivener's errors in the judgment and sentence.

FACTS

On September 7, a jury found Jones guilty of possession of a stolen motor vehicle. The judgment and sentence, however, incorrectly lists the date of the jury's verdict as September 22.

Jones was sentenced to 38 months of total confinement given his offender score of eight. The judgment and sentence correctly states that Jones's offender score is eight given Jones's community custody status at the time of his offense. But the trial court did not mark the box that

attributes one point of the offender score to Jones's community custody status. Jones appeals the judgment and sentence.

ANALYSIS

Jones contends that the judgment and sentence contains two scrivener's errors because it (1) incorrectly specifies the date of the jury verdict as September 22 and (2) fails to note that Jones received one point in his offender score calculation because he was on community custody at the time of the current offense. The State concedes that, based on the record, these are scrivener's errors. We accept the State's concession.

A scrivener's error is one that, when amended, would correctly convey the intention of the trial court, as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011); *see also Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996). The amended judgment should either correct the language to reflect the trial court's intention or add the language that the trial court inadvertently omitted. *State v. Snapp*, 119 Wn. App. 614, 627, 82 P.3d 252 (2004). The remedy for a scrivener's error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016); CrR 7.8(a).

First, Jones is correct that the judgment and sentence reflects the wrong jury verdict date. The jury verdict form is dated September 7, but the judgment and sentence states that the jury verdict was returned on September 22. This is a scrivener's error because the judgment and sentence misstates the date of the jury's verdict.

Second, Jones is correct that the judgment and sentence is missing some information. During sentencing, the trial court indicated that Jones's offender score was eight, with one point

attributed to Jones's community custody status at the time of the current offense. The judgment and sentence includes a check box to indicate this status, but the box was not marked. This omission does not reflect the trial court's intention expressed during sentencing and is therefore a scrivener's error.

We accept the State's concession and remand to the trial court to correct both of the scrivener's errors in the judgment and sentence consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

SUTTON, J.