# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49479-5-II |
| Respondent, | |
| v. | |
| JARQUEICA IMAN HICKS, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J.  —  Jarqueica Iman Hicks appeals her judgment and sentence for her fourth degree assault and third degree malicious mischief convictions.  On appeal, Hicks contends—and the State concedes—that the sentencing court exceeded its authority by ordering Hicks to pay $100 to the Kitsap County Expert Witness Fund and that the judgment and sentence contains a scrivener's error.  We accept the State's concession and remand to the sentencing court to strike the expert witness fund obligation and to correct the scrivener's error in the judgment and sentence.

## FACTS

The State charged Hicks with second degree assault (count I), fourth degree assault (count II), and third degree malicious mischief (count III) arising out of a domestic dispute.  At trial, the

State called four witnesses to testify. The defense called Hicks and one other witness to testify. All of the witnesses testified as lay witnesses. No witness testified as an expert witness.

The jury found Hicks not guilty on count I and guilty on counts II and III. But the judgment and sentence incorrectly lists the counts for which Hicks was sentenced as counts I and II. The sentencing court also imposed various legal financial obligations, including a $100 contribution to the Kitsap County Expert Witness Fund. Hicks appeals the judgment and sentence.

## ANALYSIS

### I. LEGAL FINANCIAL OBLIGATIONS

Hicks argues that the sentencing court exceeded its authority by ordering Hicks to pay $100 to the expert witness fund when no expert witness testified at trial. The State concedes that the sentencing court erred. We agree.

Sentencing errors may be challenged for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). A trial court's authority to impose costs and fees is statutory. *See State v. Hathaway*, 161 Wn. App. 634, 652-53, 251 P.3d 253 (2011); RCW 10.01.160. Under RCW 10.01.160(2), "[c]osts shall be limited to expenses specially incurred by the [S]tate in prosecuting the defendant."

Hicks is correct that the sentencing court erred by imposing costs for the expert witness fund. Hicks's trial did not include expert witness testimony. Therefore, a contribution to the expert witness fund is an improper legal financial obligation because the State did not incur an expert witness expense in prosecuting Hicks.

II. SCRIVENER'S ERROR

Hicks contends that the judgment and sentence contains a scrivener's error because it incorrectly lists the counts for which Hicks was sentenced as counts I and II. The State concedes that this is a scrivener's error. We accept the State's concession.

Clerical mistakes in judgments and orders may be corrected by the court at any time on the motion of any party. CrR 7.8(a). A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention, as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011)*; see also Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996). "[T]he amended judgment should either correct the language to reflect the [trial] court's intention or add the language that the [trial] court inadvertently omitted." *State v. Snapp*, 119 Wn. App. 614, 627, 82 P.3d 252 (2004). The remedy for a scrivener's error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016); CrR 7.8(a).

Hicks is correct that the judgment and sentence incorrectly lists the counts for which she was sentenced. The jury found Hicks guilty on counts II and III and acquitted Hicks on count I. The judgment and sentence correctly reflects the jury's verdicts but incorrectly lists the counts for sentencing as counts I and II. This is a scrivener's error because the judgment and sentence misstates the sentencing court's intention.

No. 49479-5-II

We accept the State's concession and remand to the sentencing court to strike the expert witness fund obligation and to correct the scrivener's error in the judgment and sentence consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, J.

MAXA, A.C.J.