# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51756-6-II |
| Respondent, | |
| v. | |
| EDWARD FRANKLIN GULLETT, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Edward Gullett appeals his sentence following a jury trial. Gullett argues, and the State concedes, that the superior court erred when it amended Gullett's sentence to a term longer than intended by the original sentencing court. We accept the State's concession and remand to the superior court to correct the scrivener's errors in the judgment and sentence.

## FACTS

Gullett was charged and convicted of one count of second degree assault - domestic violence, with a deadly weapon enhancement, and two counts of felony harassment, one of which involved domestic violence, during a jury trial in March 2018. His offender score is 3 for all three convictions. The seriousness level of the assault is IV, while the seriousness level of the two counts of felony harassment is III. The standard range sentence for the assault is 13 to 17 months plus a 12-month deadly weapon enhancement. The standard range sentence for the two counts of felony harassment is 9 to 12 months. The sentencing court determined that a "mid range sentence" was appropriate and imposed a sentence of 22 months for the second degree assault along with concurrent 10.5-month sentences for the two harassment convictions.

No. 51756-6-II

In April 2018, an order amending judgment and sentence was entered by the superior court changing Gullett's sentence for the second degree assault from 22 months to 22.5 months. In May 2018, a hearing was set by the State to further amend the judgment and sentence. The State admitted it wrote the wrong term of 22 months on the original judgment and sentence because when the 12-month deadly weapon enhancement is excluded, the remaining 10-month sentence fell outside the sentencing range of 13 to 17 months. The superior court once again entered an order amending judgment and sentence changing the total sentence to 27.5 months to reflect the 15.5 months within the sentencing range of 13 to 17 months and the added 12-month deadly weapon enhancement. Gullett appeals.

ANALYSIS

Gullett argues that his judgment and sentence contains a scrivener's error because the "mid range" of the 13 to 17 months sentencing range is exactly 15 months rather than 15.5 months. The State concedes that the judgment and sentence contains a scrivener's error. We accept the State's concession.

A scrivener's error is one that, when amended, would correctly convey the intention of the trial court as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). The amended judgment should either correct the language to reflect the trial court's intention or add the language that the trial court inadvertently omitted. *State v. Snapp*, 119 Wn. App. 614, 627, 82 P.3d 252 (2004). The remedy for a scrivener's error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016); CrR 7.8(a).

2

No. 51756-6-II

Gullett is correct that the judgment and sentence does not convey the intention of the sentencing court. During sentencing, the court indicated that a "mid range" sentence was appropriate for the second degree assault conviction. Using an offender score of 3 and a seriousness level of IV, 15 months is the midpoint of the 13 to 17 month range and not 15.5 months. RCW 9.94A.510. When the 12-month deadly weapon enhancement is included, the sentence should total 27 months and not 27.5 months.

We accept the State's concession and remand to the trial court to correct the scrivener's error in the judgment and sentence consistent with this opinion.[1]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, J.

MAXA, C.J.

---

[1] The State further asserts that the sentences for the felony harassment convictions also do not convey the intention of the sentencing court. Because the State did not comply with RAP 2.4(a), we do not address the State's request for affirmative relief.

3