# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53001-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DAVIN MARTIN KINGSTON, aka DAVIN STERN, | |
| Appellant. | |

MAXA, J. — Davin Kingston appeals the trial court's entry of sentence and community custody conditions that prohibit his contact with minor children. He argues that the trial court's oral ruling regarding the conditions made an exception for contact with his own biological child, but that the conditions, as written, do not reflect that ruling. The State agrees that the court intended to make an exception for contact with Kingston's child.

We accept the State's concession, and we remand for the trial court to amend Kingston's sentence and community custody conditions to reflect that he is able to have contact with his biological child.

## FACTS

After a jury trial, Kingston was found guilty of child molestation in the second degree. The trial court imposed a sentence of 20 months of confinement and 36 months of community custody.

Kingston and his long-term girlfriend are the parents of a minor child. At the sentencing hearing, the State requested that Kingston have no contact with minors except for his biological child. When issuing Kingston's sentence, the trial court stated, "No contact with minors, except biological child." Report of Proceedings at 992.

However, the sentence and community custody conditions listed in appendix A to Kingston's judgment and sentence do not reflect this exception. Three conditions preclude Kingston's contact with all minors:

> 3. You shall not enter into or frequent business establishments or locations that cater to minor children or locations where minors are known to congregate without prior approval of DOC. . . .
>
> 4. You shall not have any contact with minors without prior approval of DOC and your sexual deviancy treatment provider.
>
> . . . .
>
> 14. You shall not hold any position of trust or authority over minor children without prior approval of DOC and your sexual deviancy treatment provider.

Clerk's Papers (CP) at 136-37. One condition precludes Kingston's contact with his girlfriend because she is parenting their minor child:

> 13.[1] You shall not enter into a romantic relationship with another person who has minor children in their care or custody without prior approval of DOC and your sexual deviancy treatment provider.

CP at 137.

In addition, there are two crime-related conditions in appendix F to the judgment and sentence that are similar to conditions 3 and 4.[2]

---

[1] Appendix A to the judgment and sentence misnumbers this condition, which follows condition 14.

[2] Kingston does not expressly reference these conditions.

Kingston appeals the imposition of these community custody conditions.

ANALYSIS

Kingston argues, and the State concedes, that the trial court inadvertently imposed community custody conditions that would not allow him to have contact with his own biological child. We agree.

Clerical mistakes in judgments or orders may be corrected by the court at any time on the motion of any party. CrR 7.8(a). An error is clerical if the judgment, as amended, embodies the trial court's intention as expressed in the record at trial. *State v. Snapp*, 119 Wn. App. 614, 627, 82 P.3d 252 (2004). "[T]he amended judgment should either correct the language to reflect the court's intention or add the language the court inadvertently omitted." *Id.* The remedy for a clerical error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

At sentencing, the State recommended that Kingston's biological child be excluded from community custody conditions that prohibit Kingston's contact with minor children. The trial court agreed. Because the judgment and sentence does not accurately reflect the trial court's intent, the challenged conditions, as written, constitute clerical errors. *Snapp*, 119 Wn. App. at 627. The proper remedy is to remand to the trial court for correction of the judgment and sentence. *Makekau*, 194 Wn. App. at 421.

CONCLUSION

We remand for the trial court to amend Kingston's sentencing and community custody conditions to reflect that he is able to have contact with his biological child.

No. 53001-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

GLASGOW, J.

4