# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53453-3-II |
| Respondent. | Consolidated with |
| | Nos. 53456-8-II |
| vs. | 53463-1-II |
| | 53466-5-II |
| ANGELA MARIE VALDOVINOS, | 53473-8-II |
| Appellant. | UNPUBLISHED OPINION |

MAXA, J. – Angela Valdovinos appeals the imposition of fines against her in the judgments and sentences for two cases involving convictions of driving under the influence (DUI).[1] Valdovinos argues that the imposition of the DUI fines constituted clerical errors because the trial court orally ruled that the fines would not be imposed. The State concedes that these cases should be remanded for the trial court to either correct what appear to be clerical errors or to clarify the court's intention to impose the DUI fines.

Because of her DUI convictions and unrelated possession of controlled substances convictions, Valdovinos was subject to DUI fines and controlled substance fines. At sentencing, the trial court stated that it was not going to assess fines. The judgments and sentences did not include the controlled substance fines but included DUI fines.

We agree that the imposition of the DUI fines may be a clerical error, but the record is unclear regarding the trial court's intention regarding the DUI fines. Therefore, we remand for

---

[1] Valdovinos also filed notices of appeal in three other cases: 53456-8-II, 53466-5-II, 53473-8 II. She does not address those cases in her brief and, therefore, it is ordered that 53456-8-II, 53466-4-II, and 53473-8-II are dismissed.

the trial court either to remove the DUI fines from the two judgments and sentences or to clarify that the court intended to impose those fines regardless of Valdovinos's apparent indigency.

FACTS

In April 2019, Valdovinos pleaded guilty to DUI charges in two different criminal cases. At sentencing, the State argued that Valdovinos was subject to mandatory minimum DUI fines of $990.50 for the first charge and $1,245.50 for the second charge. The State noted that there also were $1,000 fines for unrelated possession of controlled substances charges unless Valdovinos was found to be indigent. Regarding the DUI fines, defense counsel stated that "[t]he DUI fines are going to be heavy for her, and I believe that those are non-waivable." Report of Proceedings (RP) at 24. Defense counsel did ask the court to waive the controlled substance fines because Valdovinos was indigent.

When announcing its sentence, the trial court stated, "The Court is not going to assess the fines. I will set the mandatory minimums of $200, the $100 and the $500 crime victims." RP at 30. The court struck the $1,000 controlled substance fines from the judgments and sentences. However, the judgments and sentences included the imposition of the $990.50 and $1,245.50 DUI fines.

A pre-sentence assessment reflected that Valdovinos had no income. The trial court entered an order of indigency for purposes of appeal for each case.

ANALYSIS

Valdovinos asserts, and the State concedes, that this case should be remanded for the trial court to address the DUI fines. We agree. But the record is unclear whether the trial court intended to waive the DUI fines and the imposition of those fines was a clerical error, or whether the court intended to impose the DUI fines and waive only the controlled substance fines.

2

Clerical mistakes in judgments or orders may be corrected by the court at any time on the motion of any party. CrR 7.8(a). An error is clerical if the judgment, as amended, embodies the trial court's intention as expressed in the record at trial. *State v. Snapp*, 119 Wn. App. 614, 627, 82 P.3d 252 (2004). "[T]he amended judgment should either correct the language to reflect the court's intention or add the language that the court inadvertently omitted." *Id.* The remedy for a clerical error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

Here, the trial court stated that it would not "assess the fines." RP at 30. But the court did not explain what fines it was not assessing – the controlled substances fines, the DUI fines, or both. Only if the court did not intend to impose the DUI fines was their inclusion in the judgments and sentences a clerical error. *Snapp*, 119 Wn. App. at 627.

If the DUI fines were mandatory as defense counsel suggested at sentencing, the trial court would be forced to impose those fines. However, the law is clear that a trial court has discretion to suspend DUI fines.

The penalty schedule for DUI offenses is outlined in RCW 46.61.5055.[2] This statute outlines minimum fines for DUI offenses depending on the number of prior DUI offenses and on whether the person's alcohol concentration was below or above 0.15. RCW 46.61.5055(1)-(3). However, the provisions imposing the fines all state that the minimum penalty "may not be suspended unless the court finds the offender to be indigent." RCW 46.61.5055(1)(a)(ii), 1(b)(ii), (2)(a)(ii), 2(b)(ii), (3)(a)(ii), 3(b)(ii).

---

[2] RCW 46.61.5055 was amended in 2020. LAWS OF 2020, ch. 330, § 15. Because this amendment did not change the statutory language relevant here, we cite to the current version of the statute.

Another DUI fee derives from RCW 46.61.5054(1), which imposes a $250 alcohol violator fee. But upon petition, the court may suspend this fine if the person does not have the ability to pay. RCW 46.61.5054(1)(b).

Finally, RCW 46.64.055(1) imposes a $50 penalty for any violation of Title 46 RCW. But again, this fine may be waived or suspended if the court finds that the offender is indigent. RCW 46.64.055(1).

These statutes show that the trial court had the discretion not to impose DUI fees. The only question, which we cannot answer on this record, is whether or not the trial court intended to impose them.

CONCLUSION

We remand for the trial court either to remove the DUI fines from the two judgments and sentences or to clarify that the court intended to impose those fines regardless of Valdovinos's apparent indigency.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

CRUSER, J.