# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53556-4-II |
| Respondent, | |
| v. | |
| RHONDA SUE MCINTOSH-LIND, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Rhonda McIntosh-Lind appeals the superior court's imposition of a $200 criminal filing fee after entering a guilty plea to an amended charge of third degree assault with a deadly weapon enhancement.  She argues that the trial court made a scrivener's error when it imposed the criminal filing fee because the trial court had found that she was indigent as defined by RCW 10.101.010(3)(c), and because the trial court indicated at sentencing that it did not intend to impose such fee.  The State concedes that the trial court erred in imposing the $200 fee.  We accept the State's concession and remand for the trial court to strike the $200 criminal filing fee from McIntosh-Lind's judgement and sentence.

## FACTS

McIntosh-Lind pleaded guilty to one count of third degree assault.  In addition to imposing a term of confinement, the trial court imposed legal financial obligations (LFOs).  During sentencing, the trial court inquired into McIntosh-Lind's financial condition:

> COURT:          . . . In terms of legal financial obligations?
> COUNSEL:     Uh, Your Honor, she I gather [sic] had been receiving, uh, food stamps, she currently has no source of income and estimates that she is about $25,000 in debt.

DEFENDANT: Yeah.
COURT: Okay, Court's going to strike the discretionary legal financial obligations, which means I'm going to impose only those minimums that the State absolutely requires me to impose. I'm not going to load you up with a bunch more debt in this; okay?
DEFENDANT: All right, thank you.

Report of Proceedings at 18.

On the judgement and sentence form, the trial court checked a box that stated that "[t]he defendant receives an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level." Clerk's Papers at 24. Despite this finding regarding McIntosh-Lind's income, the trial court imposed a $200 criminal filing fee.

McIntosh-Lind appeals her judgment and sentence regarding the imposition of the $200 criminal filing fee.

ANALYSIS

McIntosh-Lind contends that the judgment and sentence she received contains a scrivener's error because it imposes a criminal filing fee despite a finding that she was indigent and despite contrary statements made by the trial court during sentencing. The State concedes that the imposition of this fee is a scrivener's error. We hold that the trial court made a scrivener's error when it imposed the $200 criminal filing fee.

A trial court is prohibited from imposing a criminal filing fee when a defendant is indigent as defined by RCW 10.101.010(3)(a)-(c). RCW 36.18.020(h). RCW 10.101.010 defines "indigent" in relevant part as "receiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level." RCW 10.101.010(3)(c).

A scrivener's error is one that, when amended, would correctly convey the intention of the trial court. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). The remedy for a

No. 53556-4-II

scrivener's error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016); CrR 7.8(a).

McIntosh-Lind is correct that the trial court made a scrivener's error when it imposed the $200 criminal filing fee because it does not comport with the trial court's findings and stated intentions. Because the trial court found that McIntosh-Lind was indigent, it was prohibited from imposing this $200 fee in McIntosh-Lind's case. RCW 36.18.020(h).[1] We therefore remand to the trial court to strike the $200 criminal filing fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

_____
Maxa, J.

_____
Sutton, A.C.J.

---

[1] McIntosh-Lind also argues that this court should strike the criminal filing fee because the trial court stated during sentencing that it would strike discretionary LFOs. The criminal filing fee, however, is not a discretionary fee. Its imposition is prohibited if the defendant is indigent under RCW 10.101.010(3)(a)-(c), but is otherwise mandatory. RCW 36.18.020(h). Because McIntosh-Lind was determined to be indigent under 10.101.010(3)(c), the trial court was prohibited from imposing the fee.

3