# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59126-0-II |
| Respondent, | |
| v. | |
| AARON ANDREW LANG, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Aaron A. Lang appeals the conditions of his sentence for communicating with a minor for immoral purposes. Lang contends his judgment and sentence contains a scrivener's error. The judgment and sentence limits his contact with minors except for his own biological children when, according to Lang, the trial court intended the exception to permit contact with all minor children (not just biological children) being raised in his household. We remand to the trial court to clarify or modify the condition restricting Lang's contact with minors.

FACTS

A jury found Lang guilty of communicating with a minor for immoral purposes. It was established during trial that there were three minor children in Lang's household—one biological child who was 17 years old and two non-biological children (Lang's wife's 14-year-old daughter who Lang had raised since birth and Lang's niece who was brought into the household as a baby).

At sentencing, Lang requested that the trial court allow him to have contact "with his own minor children." Verbatim Rep. of Proc. (VRP) (Dec. 15, 2023) at 8. The trial court orally said

that Lang not be allowed to have any contact with minors except for "his own biological children." VRP (Dec. 15, 2023) at 11. The same language allowing contact with Lang's own biological children was also included in the judgment and sentence.

Lang appeals.

ANALYSIS

Lang argues that the condition in the judgment and sentence allowing contact with only his own biological children was a scrivener's error because the trial court actually intended to allow Lang to have contact with all the children in his household. The State does not object to remanding to the trial court for clarification or modification of the condition. We remand to the trial court to clarify or modify the condition.

A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). The remedy for a scrivener's error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

Here, in both the trial court's oral ruling and the judgment and sentence, the exception to restricting contact with minors was limited to Lang's biological children. However, the evidence in the record established that Lang was considered to be the father to several children that were not his biological children, and Lang specifically requested permission to have contact with all his minor children, not just his biological children. With nothing in the record to suggest that the trial court intended to differentiate between biological children and the others in the household, it is plausible the language in the judgment and sentence is a scrivener's error.

No. 59126-0-II

Because the record is unclear as to the trial court's intent, and the State has no objection to remand, we remand to the trial court to clarify its intent and for correction if necessary. If the reference to biological children was a scrivener's error, the trial court may correct the error without resentencing. *See State v. Wemhoff*, 24 Wn. App. 2d 198, 202, 519 P.3d 297 (2022) (Correction of a scrivener's error does not require resentencing.).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

GLASGOW, J.

3