[No. 40240-8-II.   Division Two.   March 8, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES W. DAVIS, *Appellant*.

*Manek R. Mistry* and *Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Jonathan L. Meyer, Prosecuting Attorney*, and *Lori E. Smith, Deputy*, for respondent.

¶1 WORSWICK, A.C.J. — James Davis appeals from an order denying him credit for time served while serving part of a drug offender sentencing alternative (DOSA) sentence. Davis argues that the trial court's order modifying his judgment and sentence after he was administratively terminated from his DOSA by the Washington State Department of Corrections (DOC) was improper. Alternatively, Davis argues that he received ineffective assistance of counsel. Holding the trial court erred in determining Davis was not entitled to credit for time served, we remand for resentencing.

## FACTS

¶2 In December 2003, the State charged Davis with one count of felony manufacture of methamphetamine. Davis pleaded guilty, and the trial court sentenced Davis in 2005 to a DOSA with 55 months' confinement and 55 months' community custody.[1]

¶3 Davis served the full 55 months' confinement and then spent additional time on DOSA community custody. In

---

[1] "A DOSA is a form of standard range sentence consisting of total confinement for one-half of the mid-standard range followed by community supervision." *State v. White*, 123 Wn. App. 106, 113, 97 P.3d 34 (2004).

2009, the DOC revoked Davis's DOSA administratively. After this revocation, the parties found an error in the trial court's judgment and sentence and brought the matter before the trial court for resentencing. Instead of the 100- to 120-month sentencing range as stated therein, the correct range should have been 68 to 100 months. The trial court issued an order modifying the judgment and sentence to reflect the correct range on September 9, 2009. And because Davis's DOSA was terminated, the trial court also struck the DOSA sentence language.

¶4 The order modifying the judgment and sentence provided that "**Paragraph 4.5** is amended to reflect a total sentence of '84 months' with no Drug Offender Sentencing Alternative sentence. This reflects the original intent of the parties and the court and recognizes the fact that the prior DOSA sentence was revoked." Clerk's Papers (CP) at 25-26.

¶5 As a result of the modified judgment and sentence, the DOC did not credit Davis with the time that he previously spent on DOSA community custody after he spent 55 months in confinement. Davis wrote several letters to the trial court expressing his concerns about this. In order to clarify the issue, a hearing was held on December 24, 2009. At the hearing, Davis asked the trial court to credit him with the time spent on community custody, or alternatively, to reinstate his DOSA with the correct standard range.[2] Davis's defense counsel stated as follows:

> Just to make a record on the Davis matter, my understanding is that [the DOC] was going to give him credit for time he served in community custody, however, we entered an order modifying the sentence part of it to reflect that DOSA had been revoked and he now had to serve a certain amount of time. [The DOC] took that to mean this court was not going to give him credit for the time he did in the community. My understanding was that the only change, and the order was clear, the only change made was to the amount of time he was to serve in

---

[2] The total number of days that Davis spent on community custody was not clearly addressed or determined by the trial court, but Davis's attorney represented to the court that it was 777 days.

custody did not affect the credit for time served, however, the court did indicate he's not getting credit.

Verbatim Report of Proceedings (VRP) (Dec. 24, 2009) at 7-8. The trial court responded, stating that "[Davis is] out running around ·and he will get credit for 774 days? No, unless the court of appeals determines differently, but until now they haven't." VRP (Dec. 24, 2009) at 8.

¶6  On January 6, 2010, the trial court entered an order expressly denying "credit for time served in the community on community custody while under his DOSA sentence." CP at 20. Davis appeals.

## ANALYSIS

### ORDER DENYING CREDIT FOR TIME SERVED

¶7  Davis first contends that the trial court lacked the authority to expressly deny him credit for time served while on community custody under his DOSA sentence. Davis first argues that no authority exists to support the trial court's position that Davis was not entitled to credit for time served.[3] We review statutory construction questions de novo. *State v. Wentz*, 149 Wn.2d 342, 346, 68 P.3d 282 (2003). We look to the statute's plain language in order to give effect to legislative intent. *Wentz*, 149 Wn.2d at 346. But we will not engage in judicial interpretation of an unambiguous statute. *State v. Thorne*, 129 Wn.2d 736, 762-63, 921 P.2d 514 (1996). A statute is ambiguous when the language is susceptible to more than one interpretation. *State v. Jacobs*, 154 Wn.2d 596, 600-01, 115 P.3d 281 (2005). In addition, if we find the statute to be ambiguous, the rule of lenity requires us to strictly construe the statute favor-

---

[3] The State counters at the outset that any error here was invited because "Davis's trial counsel presented the order modifying the judgment and sentence and also signed off on the order." Br. of Resp't at 4; *see State v. Henderson*, 114 Wn.2d 867, 870, 792 P.2d 514 (1990) (defendant cannot appeal an action of the trial court that the defendant himself procured). But the record does not support this. In fact, the record shows that Davis's counsel expressed some concern and inquired as to the number of days Davis would receive. The trial court disagreed.

ably to the accused. *State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996).

¶8 On the issue of whether Davis is entitled to credit for time served while out in the community serving part of his DOSA, former RCW 9.94A.660(5) (2002) provides:

> An offender who fails to complete the special drug offender sentencing alternative program or who is administratively terminated from the program shall be reclassified to serve the unexpired term of his or her sentence as ordered by the sentencing court and shall be subject to all rules relating to earned release time. An offender who violates any conditions of supervision as defined by the department shall be sanctioned. Sanctions may include, but are not limited to, reclassifying the offender to serve the unexpired term of his or her sentence as ordered by the sentencing court. If an offender is reclassified to serve the unexpired term of his or her sentence, the offender shall be subject to all rules relating to earned release time.

As both parties point out, the statutory language in effect at the time is silent as to whether time spent in the community serving a DOSA counts towards credit for time served.[4] This statutory language appears to be all encompassing in stating the "unexpired term of his or her sentence" without any qualifiers placed on "sentence." This language limits the trial court's authority to sentence Davis to serve only the remainder of his term. As Davis was serving part of his sentence on community custody, the court cannot sentence him to serve that time again. And even if the statutory language is ambiguous, the rule of lenity requires this court to construe the statute in Davis's favor. *See Lively*, 130 Wn.2d at 14. Thus, the trial court erred in ordering that Davis was not entitled to credit for time served while on DOSA community custody.

---

[4] The State references 2009 amendments to RCW 9.94A.660, which expressly exclude community custody from any credit for time served calculation upon revocation of a DOSA. But the State offers no authority that leads us to consider statutory language not in effect at the relevant time periods at issue here.

ORDER MODIFYING JUDGMENT AND SENTENCE

¶9 Davis next contends that the trial court was not authorized to change a final DOSA sentence into a non-DOSA sentence. The State counters that it would have been "illogical" for the trial court to enter a judgment and sentence that reflected a DOSA sentence when in reality the DOSA had been administratively terminated by the DOC. Br. of Resp't at 1. A court may correct a clerical mistake or scrivener's error at any time:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e).

CrR 7.8(a). A clerical mistake is one that, when amended, would correctly convey the intention of the court based on other evidence. *State v. Priest*, 100 Wn. App. 451, 456, 997 P.2d 452 (2000). If the mistake is not clerical in nature, however, then it is characterized as judicial and the trial court cannot amend the judgment and sentence. *Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996). This issue turns on whether the correction was clerical or judicial.

¶10 Striking the DOSA language from the amended judgment and sentence was not a clerical change because the intention of the parties and the trial court back in 2005 was to provide for a DOSA sentence. The fact that the DOC revoked Davis's DOSA sentence administratively in 2009 could not have been a factor in the court's sentencing decision in 2005. When the trial court took it upon itself to strike the DOSA language of the judgment and sentence, it was not correcting a clerical error. This change in the judgment and sentence very likely misled the DOC as to the

amount of time Davis should have remained in custody. Thus, on this issue, Davis also prevails.[5]

¶11 Reversed and remanded for resentencing.

QUINN-BRINTNALL and VAN DEREN, JJ., concur.

---

[5] Because Davis prevails on both issues, we do not reach his ineffective assistance of counsel claim.