FILED
COURT OF APPEALS
DIVISION II

2013 AUG 13 AM 10: 28

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re Post-Sentence Review of | No. 43009-6-II |
| DOMINIC COMBS, | PUBLISHED OPINION |
| Respondent. | |

BJORGEN, J. — The Department of Corrections (DOC) petitions this court for review of Dominic Combs's drug offender sentencing alternative (DOSA) sentence, requesting this court to remand Combs's sentence for removal of time served credits. The DOC argues that the sentencing court lacked statutory authority to credit Combs for time served and, alternatively, that the credits granted were inconsistent with RCW 9.94A.171. We agree, and we reverse and remand Combs's sentence for the DOC to recalculate time served credits consistently with this opinion.

## FACTS

In June 2011, Combs pleaded guilty to methamphetamine possession and the sentencing court imposed a 24-month residential treatment-based DOSA[1] sentence. On July 14, a residential treatment facility admitted Combs into care. Nine days later, Combs refused to submit to urinalysis and absconded from treatment entirely. After he absconded, and while on community custody under his DOSA sentence, the State charged Combs with second degree

---

[1] A DOSA sentence is an alternative punishment for drug related offenses under certain circumstances and may be either prison-based or residential treatment-based. *See* RCW 9.94A.660.

burglary and jailed him.[2]  The State held Combs in jail on that charge from September 8 to October 20, 2011.

Combs admitted failing to comply with his treatment, and the court revoked the DOSA sentence, imposing a midpoint, standard range sentence of 18 months' confinement.  The court also credited Combs with 160 days' time served, representing the time from his commission of the crime of methamphetamine possession on May 13 to imposition of 18 months' confinement on October 18.  Of this period, however, 47 days represented the time he had absconded by failing to report to his treatment facility and another 42 days represented the time he was in jail on the unrelated burglary charges.  Combs began serving the amended sentence on the methamphetamine charges on October 21, 2011.

The DOC notified the court, the prosecutor, and Combs by letter, informing them that it believed the credit for time served was miscalculated.[3]  Specifically, the DOC requested the prosecutor to ask the court to reduce the time served credit by the 47 days after Combs absconded from treatment and the 42 days he was in jail on the burglary charge.  The prosecutor declined and took the position that Combs was induced to stipulate to revocation of his DOSA by the prosecutor's agreement to 160 days' time served credit.  For that reason, the prosecutor felt bound to the calculation and would not seek to correct it.

The DOC now petitions this court for post-sentence review of the time-served credits

---

[2] Because this is a post-sentence petition rather than direct appeal, we may consider material in the appendix not contained in the general record.  *Compare* RAP 16.18(d)(10), with RAP 10.3(a)(8).

[3] A formal petition or motion in the trial court is not required, and the DOC's correspondence, informing the court of the legal bases for the DOC's objections, is adequate. *In re Sentence of Chatman*, 59 Wn. App. 258, 264-65, 796 P.2d 755 (1990).

No. 43009-6-II

under RCW 9.94A.585(7).

ANALYSIS

The DOC requests removal of Combs's credits for time served for two reasons. First, it argues that the sentencing court lacked statutory authority to credit Combs for time served and that a grant of such authority would violate the separation of powers doctrine. Second, it argues that the credits granted by the court were inconsistent with the standards of RCW 9.94A.171.

I. TRIAL COURT JURISDICTION

A.    Standard of Review

DOC brings this petition under RCW 9.94A.585(7), which restricts our review to errors of law. Both the prosecutor and Combs argue that the petition impermissibly raises a factual issue. The issues raised by the petition, however, are those of statutory authority, the separation of powers doctrine, and compliance with the statutory standards for time served credits. The questions of statutory authority and the separation of powers doctrine are purely legal issues. The inquiry into compliance with sentencing standards involves the interpretation of the Sentencing Reform Act[4] (SRA), which also is a question of law. *State v. Jones*, 172 Wn.2d 236, 242, 257 P.3d 616 (2011). These are legal issues and are properly raised by the DOC's petition.

We review questions of statutory interpretation de novo by ascertaining the legislature's intent. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). Where a statute's meaning is plain on its face, we give effect to that meaning as expressing the intent of legislature. *Jacobs*, 154 Wn.2d at 600. We determine the statute's plain meaning from the ordinary meaning of its language, as well as from the statute's general context, related provisions, and the statutory

_____

[4]Chapter 9.94A RCW.

3

scheme as a whole. *Jacobs*, 154 Wn.2d at 600. Absent a specialized statutory definition, we give a term its plain and ordinary meaning ascertained from a standard dictionary. *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002). We interpret statutes to give effect to all language in the statute and to render no portion meaningless or superfluous. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). We also interpret statutes to harmonize them whenever possible. *State v. Powell*, 167 Wn.2d 672, 695-96, 223 P.3d 493 (2009), *overruled on other grounds by State v. Siers*, 174 Wn.2d 269, 271, 274 P.3d 358 (2012).

B.     Statutory Authority Following DOSA Revocation

In Washington, the SRA prescribes the authority to sentence in felony cases. *State v. Skillman*, 60 Wn. App. 837, 839, 809 P.2d 756 (1991). The SRA limits the trial court's sentencing authority to that expressly found in the statutes. *State v. Furman*, 122 Wn.2d 440, 456, 858 P.2d 1092 (1993).

The principal statute[5] governing resentencing after revocation of a DOSA sentence is RCW 9.94A.660(7), which states:

> (a) The court may bring any offender sentenced under this section back into court at any time on its own initiative to evaluate the offender's progress in treatment or to determine if any violations of the conditions of the sentence have occurred.
> (b) If the offender is brought back to court, the court may modify the conditions of the community custody or impose sanctions under (c) of this subsection.
> (c) The court may order the offender to serve a term of total confinement within the standard range of the offender's current offense at any time during the

---

[5] Combs points out that RCW 9.94A.505(6) requires the sentencing court to give the offender credit for all confinement time served for the same offense before sentencing. However, Combs was sentenced when his DOSA alternative was imposed. The issues presented by this appeal all arose after that point. Therefore, RCW 9.94A.505(6) does not guide the resolution of this appeal.

period of community custody if the offender violates the conditions or requirements of the sentence or if the offender is failing to make satisfactory progress in treatment.

(d) An offender ordered to serve a term of total confinement under (c) of this subsection shall receive credit for any time previously served under this section.

Subsections (a), (b) and (c) expressly authorize the trial court to take certain actions in modifying or revoking a DOSA sentence. Subsection (d), the one most pertinent to this petition, states that an offender shall receive credit for time served, without specifying who determines or imposes the credit.

Subsection (d) covers only offenders sentenced under subsection (c), a provision expressly and exclusively vesting its authority in the trial court. Other provisions of the SRA, however, "toll" or deny credit for terms of confinement or community custody for various reasons, among which is absconding from required supervision. Subsection (4) of RCW 9.94A.171 mandates that "[f]or terms of confinement or community custody, the date for the tolling of the sentence shall be established by the entity responsible for the confinement or supervision."

At first blush, the authority simply to set the date of tolling would not necessarily imply the authority to order or deny various credits for time served. However, RCW 9.94A.171(1), (2) and (3) impose specific, mandatory standards directing when and to what extent terms of confinement or community custody under the SRA are tolled. The application of these standards and the resulting time served credits depends on the date of any tolling, a determination exclusively within DOC's authority under RCW 9.94A.171(4). In addition, the DOC has the most information on an offender's conduct in different jurisdictions in the State. Therefore, any ambiguity in RCW 9.94A.660(7)(d) regarding which entity imposes credits for time served on a

5

DOSA revocation should be resolved in favor of the DOC. Any other result risks the strained and absurd consequences that statutory construction is designed to avoid. *J.P.*, 149 Wn.2d at 450. Under RCW 9.94A.660(7)(d) the DOC, not the trial court, has authority to impose credits for time served in a DOSA revocation.

Combs argues that this court reached a contrary holding in *State v. Davis*, 160 Wn. App. 471, 474, 248 P.3d 121 (2011). *Davis*, however, merely held that "the trial court erred in ordering that Davis was not entitled to credit for time served while on DOSA community custody." *Davis*, 160 Wn. App. at 477. This holding was based on a repealed provision in former RCW 9.94A.660 (2002), and does not address the jurisdictional question decided here. Thus, our ruling does not conflict with the decision in *Davis*.

C.    Separation of Powers

The DOC argues that the trial court's order violates the separation of powers doctrine because it prevents the DOC from applying the tolling statute to Combs's sentence. We hold that the DOC has authority to calculate credits for time served under applicable statutes, and we remand for it to exercise that authority. Therefore, it is not necessary to reach the argument based on separation of powers.

## II. THE CREDITS GRANTED WERE ERRONEOUS

Apart from the jurisdictional question, the DOC argues that the credits for time served allowed by the trial court were contrary to the standards of RCW 9.94A.171. The prosecutor concedes that the credits were erroneous. We agree.

RCW 9.94A.171(1) and (2) state that a term of confinement or community custody shall be tolled by any period of time during which the offender has absented himself from

6

confinement or supervision without prior approval. Under this statute, credit should not have been granted for the 47 days in which Combs absconded by failing to report to his treatment facility.

Subject to a number of inapplicable exceptions, RCW 9.94A.171(3)(a) states that any period of community custody shall be tolled during any period of time the offender is in confinement. Thus, credit should not have been granted for the 42 days Combs was in jail on the burglary charges.

Granting credit for time served for these two periods was inconsistent with RCW 9.94A.171.

### III. EFFECT OF PLEA AGREEMENT

As noted above, the prosecutor argues against remand for removal of the incorrect calculation because it believes Combs was induced to stipulate to his DOSA revocation by the 160 days time-served credit. For a number of reasons, this argument does not benefit Combs in this proceeding.

First, Combs does not raise this argument in his response to the DOC's petition. The DOC raises the issue of inducement only to explain why it argues against remand.

Second, plea agreements are contracts, and the law imposes on the prosecutor an implied promise to act in good faith. *State v. Harrison*, 148 Wn.2d 550, 556, 61 P.3d 1104 (2003). Where the parties have agreed to an unlawful sentence based on mutual mistake, the defendant may elect to withdraw his plea; but specific performance may not be used to bind the court to enforce an illegal sentence. *State v. Barber*, 170 Wn.2d 854, 872-73, 248 P.3d 494 (2011). Specific performance is available to compel the State to follow through with its promises, but not

to compel the imposition of an illegal sentence in cases of mutual mistake. *Barber*, 170 Wn.2d at 872-73.

Here, there is no allegation that the prosecutor acted in bad faith. Rather, Combs stipulated to the revocation of his DOSA based on a good faith miscalculation. Under *Barber*, these circumstances do not require preservation of an erroneous sentence.

## IV. CONCLUSION

The trial court's order allowing 160 days time-served credit is reversed and remanded. The DOC shall calculate any time served credits consistently with this opinion.

BJØRGEN, J.

We concur:

QUINN-BRINTNALL, J.

JOHANSON, A.C.J.