IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| In the Matter of the Postsentence Review of<br><br>JACOB DAVID HOLMGREN,<br><br>                         Respondent. | No.  51757-4-II<br><br><br><br>UNPUBLISHED OPINION |

BJORGEN, J.  —  The Department of Corrections (DOC) petitions this court under RCW 9.94A.585(7) to review the sentence imposed by the trial court in *State v. Jacob David Holmgren*, Lewis County Superior Court Cause No. 17-1-00639-21.  In its judgment and sentence, the trial court imposed 12 months and 1 day of confinement and gave Holmgren credit for 12 days of presentencing jail time.  Holmgren however spent those 12 days in jail on DOC sanctions.  Under RCW 9.94A.505(6), the trial court shall give offenders credit for presentencing jail time but only "if that confinement was solely in regard to the offense for which the offender is being sentenced."  Thus, DOC asks that we remand Holmgren's judgment and sentence to the trial court to remove his credit for presentencing jail time.  Holmgren and the State urge us to deny DOC's petition because the 12 days of credit for time served was a negotiated element of the plea agreement, the amount of credit is de minimus, and DOC is only "technically correct" about the application of RCW 9.94A.505(6).

No. 51757-4-II

Technical though it may be, DOC's interpretation of RCW 9.94A.505(6) is correct. *In re Postsentence Review of Combs*, 176 Wn. App. 112, 119, 308 P.3d 763 (2013). Further, the parties cannot enter into an illegal plea agreement. *State v. Barber*, 170 Wn.2d 854, 872-73, 248 P.3d 494 (2011). While we grant DOC's petition, we cannot simply remand Holmgren's judgment and sentence to the trial court to remove the credit for presentencing jail time given for days Holmgren served on DOC sanctions. Because this was a negotiated plea agreement, the proper remedy is to remand to the trial court for further proceedings, including the possibility of Holmgren moving to withdraw his plea. *Barber*, 170 Wn.2d at 872-73.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGE, J.

We concur:

JOHANSON, P.J.

SUTTON, J.

2