IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 79107-9-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| JOSHUA JAMES FROST, | |
| Appellant. | |

CHUN, J. — In 2003, a jury convicted Joshua Frost of various crimes, including attempted robbery and assault. After sentencing Frost, the trial court amended the sentence so that, with respect to the attempted robbery count, it would not exceed the statutory maximum. Claiming his sentence still contains errors, Frost appeals. Because, in combination with his term of community custody, the terms for his attempted robbery count and assault counts exceed, or have potential to exceed, the statutory maximum, we remand for the addition of a Brooks notation[1] to his sentence.

---

[1] In In re Pers. Restraint of Brooks, our Supreme Court held that when a trial court has sentenced a defendant to a "term of confinement and community custody that has the potential to exceed the statutory maximum for the crime, the appropriate remedy is to remand to the trial court to amend the sentence and explicitly state that the combination of confinement and community custody shall not exceed the statutory maximum." 166 Wn.2d 664, 675, 211 P.3d 1023 (2009). Washington courts commonly refer to such as a "Brooks notation." See, e.g., State v. Franklin, 172 Wn.2d 831, 839, 263 P.3d 585 (2011).

Citations and pin cites are based on the Westlaw online version of the cited material.

## I. BACKGROUND

In 2003, a jury convicted Frost of six counts of first degree robbery, one count of first degree burglary, one count of first degree attempted robbery, and two counts of second degree assault, each with weapon enhancements.  The sentencing court imposed a concurrent sentence totaling 129 months for the underlying crimes, plus 528 months for the weapon enhancements, totaling 657 months.  The sentencing court also imposed a community custody term of 18 to 36 months.

For the attempted robbery conviction—Count XI—the sentencing court originally imposed 97 months plus 36 additional months for a firearm enhancement, totaling 133 months.  Since attempted robbery is a Class B felony, its statutory maximum is 120 months.  RCW 9A.28.020(3)(b); 9A.20.021(1)(b).  In 2018, Frost filed a motion for resentencing on the ground that the sentence for Count XI exceeded the statutory maximum.  The State agreed and the trial court amended the sentence for Count XI to 84 months plus 36 months for the firearm enhancement, totaling 120 months.  Frost appeals, claiming his sentence still contains errors on grounds that appear for the first time on appeal.

## II. ANALYSIS

### A.  Sentencing Errors

Frost argues that the trial court failed to correct his sentence as to Count XI because, if the new 120 month underlying sentence is added to the 18 to 36 month community custody term, the sentence still exceeds the statutory maximum.  Frost makes the same claim as to his two assault charges, Counts

2

VIII and X. The trial court imposed 63 months followed by a 36 month weapon enhancement for each assault count, totaling 99 months. However, Frost argues that when added to the 18 to 36 month community custody period, his sentence for the assault counts could range from 117 to 135 months, potentially exceeding the 120 month statutory maximum for the crimes. Accordingly, he asserts remand for resentencing is necessary.

The State claims that the proper remedy for the claimed error is remand for a Brooks notation, not remand for resentencing. We agree.

We review de novo whether a sentence is legally erroneous. State v. Dyson, 189 Wn. App. 215, 224, 360 P.3d 25 (2015). Such claims may come for the first time on appeal. State v. Hood, 196 Wn. App. 127, 138, 382 P.3d 710 (2016).

First degree attempted robbery and second degree assault carry a statutory maximum of 120 months. RCW 9A.28.020(3)(b); 9A.36.021(2)(a); 9A.20.021(1)(b). "[A] court may not impose a sentence providing for a term of confinement or community custody that exceeds the statutory maximum for the crime." RCW 9.94A.505(5). Here, when the 18 to 36 month term of community custody is added to the new 120 month attempted robbery sentence, the sentence for Count XI exceeds the statutory maximum. Additionally, when the 18 to 36 month term of community custody is added to the 99 month sentence for each assault charge, the sentences for Counts VIII and X have potential to exceed the statutory maximum. Because the sentences for Counts VIII, X, and

XI exceed or have potential to exceed the statutory maximum for those crimes, the sentences are in error.

Frost argues the proper remedy for these errors is resentencing. But none of the cases he cites supports this argument. See, e.g., State v. Rooth, 129 Wn. App. 761, 769–72, 121 P.3d 755 (2005) (defendant was entitled to resentencing because the guilty verdict for one of the charges could no longer stand); State v. Smissaert, 103 Wn.2d 636, 639–40, 642, 694 P.2d 654 (1985) (holding the trial court, by amending sentence from a 20 year statutory maximum to a life sentence, had effectively resentenced defendant).

Instead, the State correctly identifies that Washington courts have held that, where a sentencing court erroneously imposes a sentence that is, or has the potential to be, in excess of the statutory maximum, the proper remedy is amendment of their judgment and sentence with a Brooks notation, and not resentencing.[2] See State v. Franklin, 172 Wn.2d 831, 842, 263 P.3d 585 (2011) (holding that resentencing was not necessary where a Brooks notation ensured that a sentence with potential to exceed the statutory maximum, entered prior to the enactment of RCW 9.94A.701, would not exceed the statutory maximum); State v. Hartzell, 153 Wn. App. 137, 174, 221 P.3d 928 (2009) (remanding for a

---

[2] In State v. Boyd, our Supreme Court held that RCW 9.94A.701(9), enacted in 2009 and after the Brooks decision, overruled the necessity for Brooks notations for sentences entered after its enactment. 174 Wn.2d 470, 473, 275 P.3d 321 (2012). The statute requires a court to reduce a term of community custody whenever an offender's standard range in combination with the term of community custody exceeds the statutory maximum for the crime. RCW 9.94A.701(9). But Boyd makes clear that RCW 9.94A.701 does not overrule the need for Brooks notations for sentences entered before the statute's enactment. Boyd, 174 Wn.2d at 472–73. The trial court entered Frost's sentence in 2003, well before the legislature enacted the statute in question.

Brooks notation where the defendant's confinement term in combination with their community custody term facially exceeds the statutory maximum).

However, the State also argues that, while remand for a Brooks notation is the proper remedy, doing so is unnecessary because Frost will not begin to serve his community custody until he finishes his 129 month sentences for the six robbery charges, for which the statutory maximum is life. Accordingly, the State argues, a Brooks notation would not affect the length of his sentence. The State offers no legal authority in support of its argument that we can ignore such an error in these circumstances, so we decline to do so.

We thus remand the judgment and sentence for addition of a Brooks notation as to Counts VIII, X, and XI.

B. Scrivener's Error

The trial court's Order Amending Judgment and Sentence as to Count XI Only states that the 84 month sentence for Count XI runs concurrently with the sentences for Counts I–X and XII. Frost claims that because the jury acquitted him of Count VII, this notation constitutes a scrivener's error. See State v. Davis, 160 Wn. App. 471, 478, 248 P.3d 121 (2011) (superseded by statute on other grounds as recognized by In re Pers. Restraint of Combs, 176 Wn. App. 112, 308 P.3d 763 (2013) ("A [scrivener's error] is one that, when amended, would correctly convey the intention of the court based on other evidence."). The State argues that remand for this correction would be a waste of judicial resources, as the current notation properly conveys the trial court's intentions, but also notes that it did not charge Frost with Count V. Thus, an accurate statement of the

amended sentence for Count XI would say that it runs concurrently with the sentences for Counts I–IV, VI, VIII–X, and XII.

When the trial court, on remand, amends the sentence for addition of a Brooks notation for Counts XIII, X, and XI, it should accurately state the counts for which it is sentencing Frost.

Remanded.

_Chun, J._

WE CONCUR:

_Mann, C.J._                    _Leach, J._