IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36737-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANTHONY M. MESSNER, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — The trial court convicted Anthony Messner of three counts of rape

of a child in the first degree and one count of molestation of a child in the first degree.

During Messner's trial, the overwhelming evidence, including victim testimony,

established that Messner committed the sexual crimes against his daughter. Nevertheless,

the State never pled the crimes as being in the nature of "domestic violence." Messner

believes his final judgment and sentence contains a scrivener's error that incorrectly

converts his child rape and child molestation charges into domestic violence charges. He

asks the court to remand his case to correct the alleged error. Because we do not read the

judgment as declaring the convictions to be based on domestic violence, we decline his

request.

Domestic Violence Designation

Anthony Messner contends the trial court erred in finding the State pled and proved domestic violence. This contention rests on the presence of language, in his judgment and sentence that reads: "*DV: Domestic Violence was pled and proved." Clerk's Papers (CP) at 46. Messner argues this language incorrectly converted his child rape and child molestation convictions into domestic violence convictions. The State responds by asserting that the the identified language is contained in the standard form judgment and sentence to indicate that, if the judgment contained other information with a domestic violence designation, the court made a finding that domestic violence was pled and proven in such case. The State further argues that, if the court had wished to designate Messner's convictions as domestic violence convictions, the court would have checked two boxes contained in the judgment on a later page. Instead, the trial court left the boxes unchecked. We agree with the State.

The issue is whether the language contained in Anthony Messner's judgment and sentence stating "*DV: Domestic Violence was pled and proved" is a scrivener's error that incorrectly designated his child rape and child molestation convictions as domestic violence convictions. CP at 46. Generally, the law defines a scrivener's error as a clerical mistake that, when amended, would correctly convey the trial court's intention, as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). We find no scrivener's error.

2

The language challenged by Anthony Messner serves as part of the general structure of the standard form judgement and sentence prepared by the Washington administrative office of the courts. If domestic violence had been pled and proven during the course of Messner's trial, the trial judge would have checked the two boxes, on a later page, related to domestic violence. Because both boxes remain unchecked, Messner's judgment and sentence did not include a scrivener's error that converts his child rape and child molestation charges into domestic violence charges.

### Statement of Additional Grounds

Anthony Messner asserts two errors in a statement of additional grounds. First, he argues that he did not receive a fair and impartial trial as a result of an alleged discussion that occurred outside the courtroom among a jury member, the victim's mother, and the prosecuting attorney. Second, he contends sufficient evidence did not support his convictions because the State lacked physical or medical evidence and the State presented contradicting witness testimony. He emphasizes testimony regarding his purported use of a vibrator when the State never produced the vibrator at trial. Messner fails to cite the extensive record to support either statement of additional grounds.

Regarding the first statement of additional grounds, any instances of conversations by a juror outside the courtroom only occurred during his first trial, which resulted in a mistrial. The record of the second trial lacks any mention of a jury member, the victim's mother, or the prosecuting attorney conversing. Any conversation, if it occurred, pertains

to matters not in the record and cannot be addressed in a direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Pertaining to sufficiency of evidence, the State bears the burden of proving all elements of an offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3. When reviewing a challenge to the sufficiency of the evidence, this court must determine whether, after viewing the evidence and all reasonable inferences in a light most favorable to the State, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (plurality opinion). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). Credibility determinations are for the trier of fact and are not subject to review by this court. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). This court must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990); *State v. Canfield*, 13 Wn. App. 2d 410, 418, 463 P.3d 755 (2020). The jury convicted Anthony Messner of three counts of rape of a child in the first degree and one count of child molestation in the first degree. The elements of the rape charge include:

4

(1) A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim.

RCW 9A.44.073.  Elements of child molestation include:

(1) A person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

RCW 9A.44.083.

The victim, Anthony Messner's daughter, testified that Messner performed sexual acts with her while she was between the ages of six years old and nine years old.  The first count of rape required the State to prove that sexual contact occurred between Messner's penis and the daughter's mouth.  The daughter testified that she put her mouth on Messner's penis on multiple occasions.  Her teacher, Meagan Higgins, also testified that the daughter told her that Messner directed her to place her mouth on his penis on multiple occasions beginning when she was in first grade.

The second count of rape required the State to prove Anthony Messner had sexual intercourse with his daughter by an act of sexual contact involving his penis and the daughter's anus.  The daughter, through a drawing, showed that Messner placed his genitals against her buttocks.  When asked if her father's penis went inside or remained outside of her, the daughter responded, "inside."  Report of Proceedings (RP) at 1251-52.

5

The third count of rape required the State to prove that sexual contact occurred between Anthony Messner's mouth and the daughter's vagina. The daughter testified that Messner touched her privates, as circled on an exhibit, with his mouth when she was unclothed.

Finally, count four charged Anthony Messner with child molestation in the first degree. This charge required the State to prove that Messner had sexual contact with his daughter. The jury instructions defined sexual contact as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desires of either party." CP at 23. The State asked the jury to find beyond a reasonable doubt that Messner sexually molested his daughter when he used a vibrator on her. The daughter testified that Messner used a "pink thingy" on her crotch. RP at 1258. The State showed her a picture that she had previously drawn and asked her if that was the object Messner had used on vagina. She responded affirmatively. The court admitted the drawing into evidence. The State later presented the drawing to Jasmine Jordan, one of the daughter's counselors. Jordan explained that the drawing was done by the daughter during one of the counseling sessions with Jordan. Jordan identified, for the jury, the object as a vibrator.

Although Anthony Messner contends correctly that the State presented no physical or medical evidence in support of the charges, such circumstances are common for most child sexual abuse cases. *State v. Swan*, 114 Wn.2d 613, 623, 630, 790 P.2d 610 (1990).

6

Notwithstanding the fact that law enforcement never found the vibrator described by the daughter, the trier of fact weighs the evidence. Evidence existed in the record to find beyond a reasonable doubt that the sexual acts occurred between Messner and his daughter. The jury weighed the evidence and opted to believe the testimony of the daughter.

CONCLUSION

We affirm the four convictions of Anthony Messner.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, C.J.