# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>        Respondent,<br><br>  v.<br><br>KIVENSON ELIES, aka RIN FIN, aka RINFIN SDOIN,<br><br>        Appellant. | No.  52831-2-II<br><br>UNPUBLISHED OPINION |

LEE, C.J. — Kivenson Elies appeals his conviction for second degree rape (domestic violence), arguing that the conviction was not supported by sufficient evidence.  Elies also argues that his judgment and sentence contains a scrivener's error.  The State concedes that the scrivener's error should be corrected.  We affirm Elies conviction but remand to the trial court to correct the scrivener's error.[1]

## FACTS

The State charged Elies with first degree rape (domestic violence), first degree kidnapping (domestic violence), and second degree assault (domestic violence) based on an incident involving S.E.[2]  Elies waived his right to a jury trial.

---

[1] Elies also filed a Statement of Additional Grounds (SAG) under RAP 10.10.  However, Elies's SAG does not adequately "inform the court of the nature and occurrence of alleged errors" as required by RAP 10.10(c).  Therefore, we do not consider it.  RAP 10.10(c).

[2] Because S.E. was a victim of sexual assault, we use her initials to protect her privacy.

At Elies's bench trial, S.E. testified that she and Elies started dating in 2012. In January 2018, Elies was waiting for S.E. when she got off of work in Tualatin, Oregon. Elies got into S.E.'s car and asked if they could go somewhere private and talk. Once in the car, Elies told S.E. that he wanted money. S.E. testified that Elies demanded $500 from her.

S.E. did not have the whole $500 but agreed to go to an ATM because Elies said he would hurt her if she did not. Elies also told S.E. "that he was gonna do the same thing to [her] as he did with the last girl." Verbatim Report of Proceedings (VRP) (Aug. 20, 2018) at 122. S.E. had heard rumors that Elies had hit another girl. S.E. was scared by what Elies said so she agreed to get the money. S.E. testified that she felt as though she had no choice.

S.E. withdrew the total available amount from her bank, $260. Elies was angry and told S.E. that she needed to find a way to get the rest of the money because he wanted to hurt her. S.E. was scared and was concerned Elies would hurt her. S.E. then went to obtain a payday loan for $300. Elies took the entire amount. Elies then told S.E. he wanted to go buy clothes with the money. S.E. wanted to leave but felt like she could not.

After getting the clothes, Elies told S.E. to drive to a motel in Vancouver, Washington. S.E. did not want to go to Vancouver; she wanted to go home. During the drive to Vancouver, S.E. told Elies several times that she wanted to go home, but Elies would not let her. When they arrived at the motel, Elies left S.E. in the car to get the room. S.E. was angry and scared. S.E. thought about just driving away, but thought about the consequences of leaving Elies at the motel, so she stayed. S.E. thought the best option would be to "do whatever he did and hope I get out of there." VRP (Aug. 20 2018) at 135.

2

Once in the motel room, Elies told S.E. to strip. S.E. was scared when Elies told her to strip, and she did not want to strip. But she thought she would get hurt if she did not, so she complied. Elies then told S.E. to get into the shower and demanded oral sex. S.E. testified that she performed oral sex on Elies because she was scared. During the oral sex, S.E. told Elies she wanted to go home, but Elies just kept going. After Elies ejaculated, he led S.E. from the shower to the bed and had sexual intercourse with her. After the sexual intercourse, Elies led S.E. to a TV stand and demanded oral sex again. This time, Elies told S.E. to swallow his semen. S.E. refused to swallow Elies's semen, and Elies got angry and punched the wall. Elies then told S.E. if she did not do what he wanted he would burn her.

S.E. performed oral sex on Elies but stopped several times to tell him she did not want to swallow his semen. Elies got mad and held his hand in a fist. Eventually, Elies ejaculated, but S.E. did not swallow his semen. Elies got angry and told S.E. to clean up her mess. After S.E. cleaned up and took a shower, they left the motel.

Elies told S.E. he was serious about burning her, and they drove to a gas station to get some matches. The cashier did not have any matches, so Elies got a cigarette from someone at the gas station, and that person lit it for him. Elies then used the cigarette to burn S.E.'s' hand twice. After burning S.E.'s hand, Elies told her to drive him home. After S.E. dropped Elies off, she reported the incident to the police.

After a bench trial, the trial court entered written findings of fact and conclusions of law. The trial court found that Elies committed second degree assault (domestic violence) by burning S.E. with the cigarette. The trial court found Elies not guilty of the kidnapping charge; however, the trial court found that while in the motel, Elies "restrained the movements of [S.E.] in a way

that substantially interfered with her liberty, that this was without her consent, and accomplished through intimidation." Supplemental Clerk's Papers (Suppl. CP) at 116. Therefore, the trial court concluded Elies was guilty of unlawful imprisonment (domestic violence), a lesser included offense of first degree kidnapping.

As to the rape charge, the trial court found that "[a]t a minimum, before the third sexual act, the defendant was pounding on the wall, clenching his fists, threatening to burn [S.E.] and that his behavior constituted an express and/or implied threat that reasonably placed [S.E.] in fear of physical injury." Suppl. CP at 117. The trial court also found that "prior to, at a minimum, the third sexual act, and throughout the time in the motel room, intimidation was going on." Suppl. CP at 117. And in reference to intimidation accomplishing the unlawful imprisonment, the trial court "noted the defendant hitting the wall and clenching his fists during the sexual assault, threatening to burn [S.E.], and all the threats made towards her throughout the evening." Suppl. CP at 116. Based on its findings, the trial court concluded that Elies was guilty of second degree rape (domestic violence), a lesser included offense of first degree rape.[3]

The trial court entered a judgment and sentence which stated that the convictions for second degree rape (domestic violence), unlawful imprisonment (domestic violence), and second degree assault (domestic violence) were based on a guilty plea. The trial court imposed a term of confinement from 280 months to a maximum of life.

---

[3] Under RCW 9A.44.040, a person is guilty of first degree rape when that person engages in sexual intercourse with another person by forcible compulsion and either (1) uses or threatens to use a deadly weapon, (2) kidnaps the victim, (3) inflicts serious physical injury, or (4) feloniously enters into the building or vehicle where the victim is situated. Because the trial court found Elies not guilty of kidnapping, Elies could not be guilty of first degree rape under RCW 9A.44.040.

Elies appeals his conviction for second degree rape (domestic violence).

ANALYSIS

Elies argues that the evidence was insufficient to support his conviction for second degree rape.[4] We disagree and affirm Elies's conviction for second degree rape.

Elies also argues that the judgment and sentence contains a scrivener's error that must be corrected on remand. The State concedes that the judgment and sentence contains a scrivener's error that should be corrected on remand. We accept the State's concession and remand to the trial court to correct the judgment and sentence.

A.    SUFFICIENCY OF THE EVIDENCE

Evidence is sufficient to support a conviction if, after viewing the evidence and all reasonable inferences in a light most favorable to the State, a rational trier of fact could find each element of the crime proven beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Our review of a claim of insufficient evidence arising from a bench trial is limited to whether substantial evidence supports the trial court's findings of fact and whether the findings support the conclusions of law. *State v. Alvarez*, 105 Wn. App. 215, 220, 19 P.3d 485 (2001). "Substantial evidence is evidence sufficient to persuade a fair-minded, rational person that the findings are true." *State v. Smith*, 185 Wn. App. 945, 956, 344 P.3d 1244, *review denied*, 183 Wn.2d 1011 (2015). Unchallenged findings of fact are verities on appeal. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). Credibility determinations are for the trier of fact and we do not review credibility determinations on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794

---

[4] Elies does not appeal the domestic violence aggravating factor found by the trial court.

P.2d 850 (1990). We review de novo the trial court's conclusions of law. *Homan*, 181 Wn.2d at 106.

To convict a person of second degree rape, the State must prove that the defendant engaged in sexual intercourse with another person by forcible compulsion. RCW 9A.44.050(1)(a). "'Sexual intercourse'" "has its ordinary meaning and occurs upon any penetration, however slight, and . . . means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex." RCW 9A.44.010(1)(a), (c). "'Forcible compulsion' means physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnapped." RCW 9A.44.010(6).

As state above, the proper challenge to the sufficiency of the evidence following a bench trial is to argue that the findings of fact are not supported by substantial evidence or that the trial court's findings of fact do not support its conclusions of law. *Alvarez*, 105 Wn. App. at 220. However, Elies does not assign error to any of the trial court's findings of fact. Instead, Elies's assignment of error states, "The evidence was insufficient to sustain a conviction for rape in the second degree." Br. of Appellant at 1. And he assigns error to the trial court's conclusion of law 7, which states that Elies is guilty of second degree rape. Because Elies fails to challenge the trial court's findings of fact, they are verities on appeal. *Homan*, 181 Wn.2d at 106.

Here, we are not persuaded by Elies's argument that his conviction for second degree rape was not supported by substantial evidence because he only used force to compel S.E. to swallow his semen, which she did not do. The trial court did not find that punching the wall was the only

6

use of threats, intimidation, or forcible compulsion nor that the threats were only directed at swallowing his semen. The trial court recognized that S.E.'s reactions were the result of Elies's repeated threats and her fear that Elies would hurt her if she did not comply with all his demands. For example, in regards to the first act of oral sex, the trial court found,

> Once in the shower, the defendant demanded [S.E.] give him oral sex. [S.E.] was afraid of the consequences if she did not comply, so she complied. During this act, the defendant was laughing and urinated in [S.E.]'s mouth.

Suppl. CP at 114. The trial court also found that Elies used intimidation throughout the time in the motel and accomplished this intimidation by making threats throughout the evening.

Furthermore, S.E. testified that Elies first threatened her after asking for money when he squeezed her hand and said he would hurt her. He also threatened that she would end up like the other girl. From the beginning of the incident, S.E. was scared of Elies. And S.E. told him repeatedly that she wanted to go home, but complied with Elies repeated requests because she was scared of the consequences. S.E.'s testimony supports the trial court's finding that "prior to, at a minimum, the third sexual act, and throughout the time in the motel room, intimidation was going on." Suppl. CP at 117.

Even if we accepted Elies's argument that his punching the wall was related only to his demand that S.E. swallow his semen, the trial court's other findings of fact establish that Elies continuously made threats throughout the incident that resulted in intimidation and that S.E. complied with Elies's demands throughout the incident out of fear. The trial court's findings support the conclusion that Elies committed second degree rape by forcible compulsion because Elies used threats to overcome S.E.'s resistance. Therefore, we affirm Elies conviction for second degree rape.

B.      SCRIVENER'S ERROR

A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention, as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011), *superseded by statute on other grounds as recognized in In re Postsentence Review of Combs*, 176 Wn. App. 112, 119, 308 P.3d 763 (2013), *review denied*, 182 Wn.2d 1015 (2015). The remedy for a scrivener's error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

Elies argues that the judgment and sentence contains a scrivener's error because it states that Elies's convictions resulted from a guilty plea rather than a bench trial. The State concedes that the judgment and sentence is incorrect in stating that Elies's convictions resulted from a guilty plea.

Here, the record clearly establishes that Elies's convictions resulted from a bench trial and not a guilty plea. Therefore, the judgment and sentence contains a scrivener's error, and we accept the State's concession. Accordingly, we remand to the trial court to correct the judgment and sentence to reflect that Elies's convictions resulted from a bench trial.

We affirm Elies's conviction for second degree rape but remand to the trial court to correct the scrivener's error in his judgment and sentence.

No. 52831-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Glasgow, J.

9