# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  54517-9-II |
| Respondent, | |
| v. | |
| JO WAYNE AARHUS, | |
| Appellant. | Consolidated with |
| STATE OF WASHINGTON, | No.  54524-1-II |
| Respondent, | |
| v. | |
| JO WAYNE AARHUS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Jo W. Aarhus appeals his judgment and sentence, arguing that it contains a scrivener's error.  In a statement of additional grounds (SAG),[1] Aarhus claims he received ineffective assistance of counsel and "wasn't in a clear state of mind" when he agreed to drug court.  SAG at 1.  We affirm Aarhus's convictions but remand to the trial court to correct the scrivener's error in Aarhus's judgment and sentence.

---

[1]  RAP 10.10.

FACTS

In April 2019, the State charged Aarhus with possession of a stolen vehicle and criminal impersonation under Cause Number 19-1-00666-34 (Cause No. 666-34). On June 10, 2019, the State charged Aarhus with felony harassment, second degree malicious mischief, and fourth degree assault under Cause Number 19-1-01085-34 (Cause No. 085-34).

Aarhus agreed to enter drug court. The drug court contracts on his two cases stated that if Aarhus was terminated from drug court, he stipulated to a bench trial based on "law enforcement/investigative agency reports or declarations, witness statements, field test results, lab test results, or other expert testing or examinations such as fingerprint or handwriting comparisons, which constitute the basis for the prosecution of the pending charge(s)." Clerk's Papers at 4, 49. In January 2020, Aarhus was terminated from drug court.

Following a stipulated bench trial, the trial court found Aarhus guilty of possession of a stolen vehicle and first degree criminal impersonation in Cause No. 666-34. The trial court also found Aarhus guilty of felony harassment and fourth degree assault in Cause No. 085-34. However, the trial court found Aarhus guilty of third degree malicious mischief rather than second degree malicious mischief in Cause No. 085-34.

Aarhus was sentenced on both cases on the same day. The trial court entered a judgment and sentence in Cause No. 085-34, which correctly identified the third degree malicious mischief conviction. However, the judgment and sentence in Cause No. 666-34 listed second degree malicious mischief as an other current conviction.

Aarhus appeals.

ANALYSIS

Aarhus argues that there is a scrivener's error in his judgment and sentence on Cause No. 666-34, which incorrectly identifies one of his other current convictions as "second degree malicious mischief." Br. of Appellant at 3. The State agrees the judgment and sentence for Cause No. 666-34 contains a scrivener's error and should be corrected. We also agree.

A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention, as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011), *superseded by statute on other grounds as recognized by In re Postsentence Review of Combs*, 176 Wn. App. 112, 119, 308 P.3d 763 (2013), *review denied*, 182 Wn.2d 1015 (2015). The remedy for a scrivener's error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

Here, the trial court clearly found Aarhus guilty of third degree malicious mischief instead of second degree malicious mischief as charged. However, Aarhus's judgment and sentence on Cause No. 666-34 identifies second degree malicious mischief as an other current conviction. The record clearly reflects that the trial court convicted Aarhus of third degree malicious mischief rather than second degree malicious mischief. Accordingly, we agree that there is a scrivener's error on Aarhus's judgment and sentence on Cause No. 666-34.

STATEMENT OF ADDITIONAL GROUNDS

Aarhus makes two SAG claims. First, he claims he received ineffective assistance of counsel. Second, Aarhus claims he "wasn't in a clear state of mind" when he agreed to enter drug court. SAG at 1.

In his ineffective assistance of counsel claim, Aarhus states that his attorney made him feel as though he had no other choice but to proceed to sentencing. Because Aarhus agreed to a

stipulated trial in his drug court contracts, he did have to proceed to sentencing after the trial court found him guilty. Aarhus also claims that he had three attorneys and was "shuffled . . . through the process." SAG at 1. But this claim does not inform us of the nature and occurrence of the alleged error as required by RAP 10.10(c). Therefore, Aarhus's ineffective assistance of counsel claim fails.

In his second SAG claim, Aarhus contends that he "wasn't in a clear state of mind when [he] took the deal for drug court." SAG at 1. However, because the record before this court does not contain a verbatim report of proceedings for Aarhus's agreement to enter the drug court program, this claim is outside the record on appeal. We do not consider evidence outside the record on appeal. *State v. Linville*, 191 Wn.2d 513, 525, 423 P.3d 842 (2018). A personal restraint petition is the appropriate vehicle for bringing a claim based on facts outside the record. *Id*. Therefore, we do not consider Aarhus's second SAG claim.

We affirm Aarhus's convictions but remand to the trial court to correct the scrivener's error in Aarhus's judgment and sentence on Cause No. 666-34.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Sutton, J.

4