# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57724-1-II |
| Respondent, | |
| v. | |
| DARIEN MICHEL BRYAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Darien M. Bryan appeals his conviction for attempting to elude a police vehicle, arguing his judgment and sentence contains a scrivener's error and the $500 crime victim penalty assessment (CVPA) should be stricken. The State concedes both issues. We accept the State's concession and remand to the trial court to correct the scrivener's error and strike the CVPA.

In a Statement of Additional Grounds (SAG),[1] Bryan claims that he was not provided with video footage after requesting it from his attorney. Because this claim relies on facts outside the record on appeal, we decline to consider it.

## FACTS

In August 2022, the State charged Bryan with attempting to elude a pursuing police vehicle. No special allegation of endangerment was charged. A jury found Bryan guilty of attempting to elude a police vehicle. The jury made no finding regarding endangerment.

---

[1] RAP 10.10.

The judgment and sentence found, as evidenced by a checked box next to the statement, that the charge involved endangering one or more people. The trial court also found that Bryan was indigent and imposed the $500 CVPA.

Bryan appeals.

## ANALYSIS

Bryan argues that the judgment and sentence contains a scrivener's error because the jury made no finding that he endangered people and that the CVPA should be stricken from the judgment and sentence based on a change in the law. The State concedes both issues.

A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention, as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011), *superseded by statute on other grounds as recognized in In re Postsentence Review of Combs*, 176 Wn. App. 112, 119, 308 P.3d 763 (2013), *review denied*, 182 Wn.2d 1015 (2015). The remedy for a scrivener's error is to remand to the trial court to correct the judgment and sentence. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016). Here, the State did not charge and the jury did not find that Bryan endangered any person during the offense. Therefore, the finding that the charge involved endangering one or more people in the judgment and sentence is a scrivener's error. We accept the State's concession and remand to the trial court to correct the scrivener's error in the judgment and sentence.

Effective July 1, 2023, the CVPA is no longer authorized for indigent defendants. LAWS OF 2023, ch. 449 §1; RCW 7.68.035(4). And changes to the legislation governing legal financial obligations apply to cases on direct appeal when the change was enacted. *State v. Matamua*, ___ Wn. App. 2d ___, 539 P.3d 28, 39 (2023), *Pet. for Review*, No. 102682-0 (Dec. 28, 2023). We accept the State's concession and remand to the trial court to strike the CVPA.

2

No. 57724-1-II

In his SAG, Bryan claims, "They did not provide video footage upon my request to my attorney." SAG at 1. However, the record before us contains no reference to video footage or a request from Bryan for his attorney to provide him with video footage. We will not consider matters outside the record on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Because Bryan's SAG claim relies on matters outside the record, we decline to consider it.

We remand to the trial court to correct the scrivener's error and strike the CVPA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, C.J.

Che, J.