IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  59888-4-II |
| Respondent, | |
| v. | |
| MICHAEL MUTHEE MUNYWE, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Michael M. Munywe appeals the superior court's order denying his CrR 7.8 motion to vacate the special verdict finding that he committed unlawful imprisonment with sexual motivation.  We affirm.

FACTS

On November 21, 2018, Munywe followed 15-year-old A.G. after she got off of a bus. *State v. Munywe*, No. 54681-7-II, slip op. at 2  (Wash. Ct. App. Jan. 19, 2022) (unpublished).[1] Munywe took A.G. by the wrist, led her into an alley, and forced his penis into her mouth.  *Id.* A.G. pushed Munywe off her and started to walk away.  *Id.*  Munywe grabbed A.G.'s wrist again and walked with her to a nearby fast-food restaurant.  *Id.*  A.G. was able to call 911 while pretending to call her mother.  *Id.*  As a result, Munywe was arrested at the restaurant.  *Id.*

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2054681-7-II%20Unpublished%20Opinion.pdf

A jury found Munywe guilty of second degree rape and unlawful imprisonment with sexual motivation. *Id.* at 4. Munywe appealed, and this court affirmed. *Id.* at 12. This court issued its mandate on February 16, 2023. Mandate, *State v. Munywe*, No. 54681-7-II (Wash. Ct. App. Feb. 16, 2023).

On July 22, 2022, Munywe filed a CrR 7.8 motion to vacate the jury's special verdict finding of sexual motivation on the unlawful imprisonment charge. Munywe alleged the special verdict form was facially invalid because the special verdict form contained an inconsistency; namely, that the jury foreperson answered "yes" (to finding sexual motivation) on the verdict form and signed it, but the foreperson also separately signed the special verdict form indicating that it had been left blank (not finding sexual motivation).

The superior court initially transferred the CrR 7.8 motion to this court for consideration because it believed the motion was time barred. However, because the motion was actually timely, this court rejected the transfer and remanded to the trial court to decide the CrR 7.8 motion. Order Rejecting CrR 7.8(c)(2) Transfer, *In re Pers. Restraint of Munywe*, No. 57519-1-II (Wash. Ct. App. Jan. 25, 2023).

After reviewing the record, the superior court determined that the additional signature on the special verdict form (indicating no finding of sexual motivation) was a scrivener's error. The superior court noted that the answer "yes" on the special verdict form had been read to the jury and that all the jurors confirmed that the verdict, as read, was the verdict of the jury. Further, because the judgment and sentence correctly reflected this verdict (despite the scrivener's error on the special verdict form), no relief from the judgment and sentence was warranted. Accordingly, the superior court denied Munywe's CrR 7.8 motion.

No. 59888-4-II

Munywe appeals.

ANALYSIS

Munywe argues that the superior court erred by denying his CrR 7.8 motion because the special verdict form is inconsistent and, therefore, invalid. We disagree.

We review a superior court's decision on a CrR 7.8 motion for an abuse of discretion. *State v. Frohs*, 22 Wn. App. 2d 88, 92, 511 P.3d 1288 (2022). A superior court abuses its discretion if its decision rests on untenable factual grounds or was made for untenable legal reasons. *Id.*

CrR 7.8(a) provides that a clerical error in the judgment or record may be corrected by the court at any time. "Clerical errors are those that do not embody the trial court's intention as expressed in the trial record." *State v. Morales*, 196 Wn. App. 106, 117, 383 P.3d 539 (2016), *review denied*, 187 Wn.2d 1015 (2017). A scrivener's error is a clerical error that, when amended, would correctly convey the trial court's intention as expressed in the record at trial. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011).

Relief from a final judgment is governed by CrR 7.8(b), which provides,

On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.5;

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void; or

(5) Any other reason justifying relief from the operation of the judgment.

Here, Munywe generally argues that his judgment and sentence should be vacated because the special verdict form was invalid, but his motion does not clearly specify grounds for relief from

3

judgment under CrR 7.8(b). The superior court determined the motion was properly governed by CrR 7.8(a), not CrR 7.8(b), because the additional signature on the special verdict form was a scrivener's error. This determination was reasonable because the "yes" answer to finding sexual motivation was confirmed by the jury. When it was polled, the "yes" answer to the special verdict form was read to the jury, and all of the jurors responded that that was the verdict of the jury. If any of the jurors had intended a different verdict, they could have answered "no" when polled, but no one did. Therefore, based on this jury polling, it was not manifestly unreasonable for the superior court to conclude that the jury's verdict was "yes" to sexual motivation on the special verdict form, and that the additional signature indicating a different answer was a clerical error.[2]

Further, notwithstanding this scrivener's error on the special verdict form, the judgment and sentence contains no error. The judgment and sentence accurately reflects the jury's verdict of "yes" on the special verdict form finding sexual motivation on the unlawful imprisonment charge. Thus, the superior court did not abuse its discretion by determining that the judgment and sentence did not require correction under CrR 7.8(a).

Accordingly, the superior court did not abuse its discretion by denying Munywe's CrR 7.8 motion to vacate the special verdict finding of sexual motivation on the unlawful imprisonment charge. We affirm.

---

[2] To the extent that Munywe argues that Division One's unpublished opinion in *State v. Wilkins* dictates a different result, he is incorrect. *State v. Wilkins*, No. 81833-3-I (Wash. Ct. App. Nov. 16, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/818333.pdf. *Wilkins* addressed whether the superior court improperly coerced a jury verdict by sending the jury back to fill out verdict forms that were left blank. *Wilkins*, slip op. at 8. *Wilkins* has nothing to do with determining whether a special verdict form contains a scrivener's error or whether such an error would entitle a defendant to relief. *See Id.* at 8-10. Accordingly, *Wilkins* is irrelevant to reviewing the superior court's decision on Munywe's CrR 7.8 motion.

No. 59888-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, P.J.

CHE, J.